CATHERINE S. ROBINSON vs. SAMUEL H. LITCHFIELD & another.

The answer to an interrogatory in a deposition, seeming when taken by itself to be the expression of an opinion rather than the statement of a fact, will not be rejected as evidence on that account, when it appears from the other answers that it is in truth the statement of a fact and not the expression of an opinion.

A witness called for the purpose of proving that a person was not at a certain place at a given time, testified to conversing with him at another place at that time. *Held*, that the conversation itself was not admissible for the purpose of fixing the time.

CONTRACT against Samuel H. Litchfield and Taylor M. Rundlett. The defendant Rundlett was defaulted. Trial in the Superior Court, before *Putnam*, J.

The plaintiff introduced the deposition of Taylor P. Rundlett, for the purpose of proving that the defendants were partners, and the defendant Litchfield objected to the admission of the fifth direct question and its answer, as calling for and containing the expression of an opinion only. This question was, " Did he have a partner in said business during that time ; if so, who was it ? " It was answered, " He did ; my father, Taylor M. Rundlett." The court admitted the question and answer.

The plaintiff offered evidence tending to prove that the defendants went together to Troy on the 5th of July. The defendant Litchfield testified that this was on the 20th of July, and not upon the 5th, and introduced as a witness one Dunbar, who testified that his son was employed by Litchfield to work for him, and that he began to work for him on the 5th of July, and that he saw Litchfield and had a conversation with him in Hingham, on the evening of that day. The defendant Litchfield offered to show what this conversation was, for the purpose of fixing the date, but the court excluded it. The jury found for the plaintiff, and the defendant Litchfield alleged exceptions.

*A. A. Ranney & R. D. Smith*, for the defendant Litchfield.

*T. H. Sweetser*, (*W. S. Gardner & A. K. P. Joy* with him,) for the plaintiff.

ENDICOTT, J. The first exception is to the admission of the fifth question and answer in the deposition of Taylor P. Rundlett, on the ground that it called for and contained the expression

of an opinion only. It is often difficult, in the examination of witnesses, to draw the line between the expression of an opinion and the statement of a fact; it often occurs, that what seems to be the statement of an opinion is really the statement of a fact, and frequently a statement is made, as of a fact, which is really the expression of an opinion. Further inquiry is often necessary. in such cases to ascertain the sources of information and knowledge of the witness on the subject. The answer objected to might be open to the exception taken, if it stood alone and unexplained; but it does not; the witness, in other answers in his examination in chief, states facts within his own knowledge, which, if believed, clearly establish the alleged partnership. But what is more decisive, the defendant, in his cross-examination, in terms asks the witness to state all his means of knowledge and how he knows, as to the matters inquired of in the fifth direct question. He replies that he was present when the bargain to enter into partnership with his father was made; that he talked with the defendant Litchfield frequently about the business of the firm, and that his sources of information were, to use his own language, what he saw, heard, and what Litchfield told him. He also stated that he was in the employment of the firm during this period, and was in daily communication with Litchfield. It would seem to be competent for the witness to state that Litchfield had a partner, and who he was, if Litchfield had so stated to him. Whatever doubt existed, as to the character of the fifth direct answer, was effectually removed by his reply to the sixth cross-interrogatory, and the defendant is not entitled to the benefit of his exception to the fifth direct answer, as the expression of an opinion only.

The second exception is to the exclusion of the conversation with Dunbar. Dunbar testified that he met Litchfield and had a conversation with him at Hingham on the evening of July 5th; by this it was intended to show that Litchfield could not have gone to Albany that day, as testified by the plaintiff's witnesses. The conversation was offered for the purpose only of fixing that date as the time when Dunbar met Litchfield. This was not original evidence relating to the principal fact in controversy in

the nature of declarations accompanying an act, and so to be taken as part of the *res gestæ*, but hearsay evidence to establish a specific collateral fact, which was susceptible of proof by witnesses, speaking from their own knowledge, and actually testified to by Dunbar. In other words, hearsay evidence is offered to aid in proving that Litchfield was not in Albany on the 5th of July. We think it was properly rejected.

*Exceptions overruled.*