## COMMONWEALTH vs. GEORGE H. RICKER.

Essex. November 1. — 22, 1881. MORTON & ALLEN, JJ., absent.

At the trial of an indictment for the commission of an offence on the 11th of a certain month, the defendant offered evidence tending to show that he was absent from the State at that time, and up to the 27th or 28th of the same month. A sergeant of police was allowed to testify for the government, in rebuttal, that "on the 4th day of said month a police officer reported to him that he had seen the defendant in the street that night." *Held,* that this evidence was hearsay and incompetent.

INDICTMENT for breaking and entering a certain building, at Danvers, on April 11, 1881, with intent to commit larceny, and with the larceny of certain property therein. At the trial in the Superior Court, before *Rockwell,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions to the admission of certain evidence, which appears in the opinion.

*G. Marston,* Attorney General, for the Commonwealth, was first called upon.

*C. A. Benjamin,* for the defendant.

LORD, J. The competency of the evidence of Blinn is the only question presented by the bill of exceptions in this case.

The defendant was charged with the commission of an offence on the 11th of April, 1881. He offered evidence tending to show that he was without the State at the time of the commission of the offence, and up to the 27th or 28th of the same month. In reply to this defence, or, in the language of the bill of exceptions, in rebuttal, the government called Blinn, sergeant of police of Salem, who testified that, " on the 4th day of said April, officer Pollock verbally reported to him that he had seen the defendant in the street that night."

This testimony, against the defendant's objection, was admitted by the court " for the purpose of fixing the date." The date of what? If the 4th of April were a date material to any issue in this case, that materiality does not appear by the bill of exceptions. It is obvious, however, that its materiality consisted, if in anything, in the fact that the defendant was in Salem on that day; and it would be a strange perversion of the rules of evidence to say that incompetent and hearsay evidence of the existence of a fact is admissible in order to fix the date when the facts related in the incompetent and hearsay evidence occurred. *Robinson* v. *Litchfield,* 112 Mass. 28. Hearsay evidence is never competent to prove the existence of a fact, except in particular and exceptional instances, having no relation to the question before us. It is the introduction of some fact by the recital of a third person, without the sanction of an oath. This testimony introduces into the case the fact that the defendant was in Salem on April 4th, which fact is supported by no person's oath. References to conversation, or to any transactions *inter alios,* which may be referred to for the fixing of a date, are commonly in the nature of facts which enable the witness to swear affirmatively. In this case, if officer Pollock had sworn that he saw the defendant in the street at some time, and had made the report at that time to Blinn, and that he had made but one such report, but was wholly unable to fix the date of it, it would have been competent for Blinn to fix the date by a reference to his minutes, or in any other mode to fix the precise time of the transaction, and no rule of law would have been violated. As it now stands, the fact that the defendant was in Salem on that day is in the case without the sanction of an oath.

The case of *McDonald* v. *Savoy*, 110 Mass. 49, decided by a majority of the court, does not in any manner conflict with these views. In that case, all that was decided was, that it was not an objection to the verdict, that a witness who testified that he saw the plaintiff driving his team on the day of the accident was allowed to testify that some one told him of the accident on the same evening; and that decision was put upon the ground that these incidents were a part of a chain of circumstances by which the time was made certain.

We do not deem it necessary to discuss the question raised at the bar, that this testimony could not have harmed the defendant, because it was wholly immaterial, upon the ground that the offence was charged as having been committed upon the 11th, and this evidence related to the 4th. It must, however, be remembered that the government insisted upon the introduction of this evidence, notwithstanding the objection of the defendant to its competency; that incompetency *prima facie* is apparent, and it would not be a harsh rule to require of the government to show affirmatively that incompetent evidence, which it had insisted upon introducing against the objection of the defendant, was harmless.

We think, however, not only that the bill of exceptions does not show that the evidence was harmless, but it does show that it might have been extremely hurtful. On recurring to the bill of exceptions, there is nothing to show the time when the defendant contended that his absence from the State began. Although it is consistent to suppose it began on the day on the night of which the offence was committed, yet it is equally consistent with the bill of exceptions to suppose it dated back several months before the commission of the offence; and this latter view explains, what is otherwise inexplicable, the persistency with which the government, against the defendant's objection, claimed the admission of a narrative which was incompetent.

The evidence, being therefore merely hearsay, is incompetent, and the exceptions *Must be sustained.*