STATE OF IOWA v. D. B. DELANEY AND W. W. SCOTT,
Appellants.

Arson: EVIDENCE. On charge of burning a building, it should have
1    been admitted in evidence that it contained a leaky gasoline stove
from which fire had, on a former occasion, started.

SAME. It being necessary that defendants leave their stopping place in
order to set the fire, they should have been allowed to show what
2    rooms must be passed through to get outdoors, as tending to show
that their alleged going out would have aroused other inmates.

Evidence Insufficient. There should have been no conviction,
because there was no motive for the alleged crime, because the
3    most damaging testimony was wholly unreliable, and because
disinterested witnesses strongly established an *alibi*.

*Appeal from Monona District Court.*—HON. SCOTT M.
LADD, Judge.

WEDNESDAY, DECEMBER 12, 1894.

DEFENDANTS were indicted, convicted, and sentenced for the crime of setting fire to combustible matter in a building with intent to burn said building. They appeal.—*Reversed.*

*Argo, McDuffie & Argo* for appellants.

*John Y. Stone,* attorney general, and *Thos. A. Cheshire* for the state.

KINNE, J.—I.  Defendants were jointly indicted for the crime of setting fire to certain combustible material in a frame store building belonging to one Anna Lockwood, in Mapleton, Iowa, with intent to burn said building.  It appears that the defendant Delaney had charge of the business of running a second-hand store in the building which it is claimed defendants set fire to.  Delaney's daughter was the owner of the stock of goods.  Delaney had formerly made his home in the store building, but for some time prior to the fire he had made his home at defendant Scott's.  Scott was a mason, and resided in the rear part of a building belonging to one Cooper, Cooper using the front room as an office.  About 6 o'clock on the morning of December 28, 1892, an alarm of fire was sounded, and it was discovered that some material in the south end of the Lockwood building was on fire, the fire being in a shed addition to the building.  The fire was extinguished, and defendants were arrested and charged with the crime.  They pleaded not guilty, but were convicted.  It is claimed that the court erred in sustaining objections made by the county attorney to questions propounded to one Coe, a witness for the

state. It appears that some of these questions had already been answered; others were not in the proper line of cross-examination; others were clearly immaterial; and that, as to other questions, the error, if any, was cured by the subsequent examination of the witness as to the same matters. We do not think the court erred in its rulings in this respect.

II. Defendants sought to show that, in the room where the fire was discovered, Delaney kept a gasoline stove, which leaked gasoline; that the same ran on the floor, and had once caught fire. They were not permitted to show the fact that the gasoline had caught fire, and this is assigned as error. The entire evidence as to defendants' guilt was circumstantial, and we think they should have been permitted to have the benefit of the proposed evidence. They were entitled to the benefit of any legitimate testimony which might throw any light upon the cause of the fire. If it was true that a fire had once caught from this cause, it was proper to show that fact, as tending to account for the fire which the defendants were charged with setting.

III. It is urged that there was error in refusing to permit the witness Scott to testify as to what rooms he would have to go through in order to get from the room in which he slept on the night of the fire, to the street or alley in the rear of his residence. It appears that there was no exit from Scott's residence to the street in front of it, as the front room was used and occupied as an office by another party. We think the evidence should have been admitted. The purpose of the inquiry, in the light of other testimony, seems manifest—to show that defendants could not have got up in the night, and passed out of the house, without arousing the other inmates. Inasmuch as it was claimed by the defendants that they both slept in the house that night, and did not leave it until after

the alarm of fire was given, it can easily be seen that the evidence was material, as bearing upon the truthfulness of defendants' claim that they were not at or near the building in which the fire occurred until after it was discovered. It appears to us that the learned trial judge should have exercised a little more liberality in his rulings touching the admissibility of this and other evidence offered by defendants.

IV. It is said that the verdict is not supported by the evidence, and in this view we concur. No one saw the defendants set the fire, and, except as hereafter mentioned, no one saw either of them in or about the store building the night of the fire, and prior to the time the alarm was sounded. It was not shown that there was any motive for the commission of the crime; that either of the defendants had had trouble with the owner of the building or his agent. It was shown that there was no insurance upon the goods in the building. From a careful view of all the facts, it is inconceivable that either of the defendants could have had any incentive or inducement to have set the fire. As we have said, the fire was discovered at about 6 o'clock in the morning. Witness Coe testifies on direct examination that "about a quarter of 6 in the morning I saw the defendants running into the alley toward the rear end of Scott's residence, where they stopped, and went through the door." On cross-examination he admits that on the preliminary examination before the justice he testified that he did not recognize the defendant Delaney as being in the alley that morning. One Anthony claimed that he saw the defendants on the morning of the fire, and before the alarm was sounded; that they went east of the store building; that they unlocked the door of the store building, and went in, and after that he saw the fire. If this testimony could be believed, it would be a very strong circumstance against the defendants. We

think, however, it is absolutely unreliable, and unworthy of belief. Delaney testifies that he had a conversation with Anthony after the former's arrest, in which Anthony told him that he was at home and asleep when the alarm of fire was given. True, Anthony denies this, but another witness, Bishop, testifies that Anthony said he was at home when the fire broke out, and this testimony is not disputed by Anthony. We can not refer in detail to all of the facts and circumstances from which it is sought to show that defendants set the fire. It is sufficient to say that we think that defendants, in so far as they were permitted to do so, fully explained all such facts in a manner entirely consistent with their innocence of the crime with which they were charged. But, further than this, defendants showed by their own testimony, by the testimony of Scott's wife, and by the testimony of two other parties, who were wholly disinterested and entirely credible, so far as appears, that both of the defendants were at home in Scott's house all of that night, and remained there until after the alarm of fire had been given. It is very clear to us that these men should not have been convicted upon the evidence adduced in this case. The verdict was not warranted, from any point of view, and the judgment below must be reversed. We do not deem it material to consider any other questions raised. We have examined all of them, and find there was no error, except in the respects heretofore mentioned. REVERSED.