# Ferris *v.* Hoglan *et al.*

*Bill in Equity to Cancel Contract and for Injunction.*

1. *A person in rightful possession of land cannot be restrained as a trespasser.*—A bill to restrain a trespass is without equity if it shows that the alleged trespasser is in rightful possession of the land alleged to be trespassed on.

2. *Lease; what is not.*—If a right be granted by the owner of land to the grantee merely to be upon or to do acts or work upon the land it is a license and not a lease.

3. *Same; meaning of word determined by the whole contract.*—The use of the word "lease" in a contract does not necessarily determine the rights and interest created by it; the whole instrument must be examined in view of the subject matter of the contract, the situation of the parties, and the objects to be accomplished so far as they are declared by the contract.

4. *License granted for valuable consideration, not revocable.*—If by an agreement a party undertakes to do the work of cultivating, trimming, trellesing a vineyard, and to depend for his compensation upon the crop, and to have the vineyard a second year if the crop of the first is insufficient to pay him, the surplus proceeds to be paid to the owner, he has a license to enter on the land which, being granted on a valuable consideration, is not revocable so as to destroy his right to gather and market the crop.

5. *Cancellation of contract; when decreed in equity.*—Where the remedy for recovery of damages at law is inadequate, equity may decree the cancellation of a contract at the instance of a party who has substantially complied with it, for its non-performance by the other party, and where the parties can be placed substantially in *statue quo.*

6. *Worthless performance of a contract, when equivalent to no performance.*—Defective and worthless performance of a contract calling for skillfulness, is equivalent to no performance and authorizes a recision, if the remedy at law is inadequate, and the party applying for recision has substantially complied with the contract, and the parties can be placed substantially in *statue quo;* and if the non-performance of one party is due to no fault of the other.

7. *A bill without equity for one purpose retained for another.*—If a bill is without equity for restraining a trespass, it may be

retained to cancel a contract if the allegations to that end are sufficient.

8. *Bill will be considered amended on motion to dismiss for want of equity.*—On a motion to dismiss a bill for want of equity it will be considered amended as to all amendable defects.

9. *Demurrer to bill treated as a whole.*—A demurrer to a bill will be treated as a whole, and if sustained on one of its grounds the decree will not be reversed at the instance of the party demurring, although it overrules other valid assignments.

APPEAL from the County Court of Cleburne. Tried before Hon. T. J. BURTON.

J. A. Hoagland and Jesse Hoagland made an agreement with Willet Ferris by the terms of which the latter was to take charge of and cultivate the vineyard of the former, and to market the crop and to receive compensation therefrom, and to keep the vineyard a second year if the proceeds of the crop of the first year were inadequate to pay him, and to return the surplus to the former. The Hoaglands filed a bill alleging defective performance and praying that the defendant be restrained from trespassing on the land; and that the contract be rescinded and for injunction. The defendant answered the bill and moved to dissolve the injunction and to dismuss the bill for want of equity, and also filed demurrers. The court overruled the motions and sustained the demurrer on one assignment and overruled it on the others. From this decree Ferris appealed. Affirmed.

MATTHEWS & WHITESIDE, for appellant.—(1). The bill shows that the complainant was not in possession but that the defendant was in the rightful possession of the land at the time of the alleged threatened trespass.—High on Inj. 1 Vol., 2 ed., Secs. 342-698; *Jerome v. Ross,* 7th Johns Ch. 315; 3 L. R. A. 609; 75 Ala. 375. (2). The parties cannot be placed in *statue quo.*—*Bell v. Lawrence,* 51 Ala. 160; Waterman on Spec. Per. of Contracts, 694. (3. The court cannot cancel the contract as no forfeiture is provided for in the contract itself.—*Bolling v. Crook,* 16 So. 132; *Livingston v. Tompkins,* 4th Johns' Ch.; Taylor's Landlord and Tenant, 7

16

Ed., Secs. 291, 494. (4). If the parties are tenants in common of the grapes there is no equity in the bill, as it fails to show irreparable injury or waste committed or threatened.—1 High on Inj., 2 Ed., Secs. 292, 698; *Kellar v. Bullington*, 14 So. 466.

MERRILL & BRIDGES, *contra.*—(1). On motion to dissolve an injunction after answer filed, for want of equity in the bill all amendable defects should be treated as amended.—*Chambers et al. v. The Ala. Iron Co.*, 67 Ala. 353. (2). The injunction will not be dissolved on denial in the answer when the answer sets up matter in avoidance, or when the issue raised by the answer can only be determined by evidence.—*Birmingham Mineral R. R. Co. v. City of Bessemer*, 98 Ala. 274; *Bolling v. Roman*, 95 Ala. 518. (3). The word "lease" in a contract does not necessarily make it a lease.—Bishop on Contracts, Sec. 379; *Limbie et al. v. Sloss Iron & Steel Co.*, 24 So. Rep. 108; other cases cited are, *Harrison v. Yerby*, 87 Ala. 185; *Kinney v. Eusmenger*, 87 Ala. 340; *Ashurst v. McKenzie*, 92 Ala. 484.

SHARPE, J.—A lease carries to the lessee the right to the possession of the leased premises.—12 Am. & Eng. Ency. Law, 976; *Callen v. Hilty*, 14 Penn. St. 286. Such possession the landlord has no right to disturb until the expiration of the term unless under the terms of the contract.—*Warner v. Abbey*, 112 Mass. 353; *Darling v. Kelly*, 112 Mass. 29. If a right be granted by the owner of land to the grantee merely to be upon or to do acts or work upon land it is a license and not a lease. *Riddle v. Brown*, 20 Ala. 412; Rapalje and Lawrence's Law Dict. 735; 13 Am. & Eng. Ency. Law, 539; *Cook v. Stearns*, 11 Mass. 533.

If the contract mentioned in the bill of complaint is a lease then the theory advanced by appellees that the bill has equity for the restraint of a trespass by defendant upon the vineyard must fail since a trespass being an injury to the possession cannot be committed by one who is in rightful possession.

The use of the word lease in the contract is evidence that the parties meant what the word implies but the

guide to construction being the intent of the parties, the whole instrument must be examined in view of the subject matter of the contract, the situation of the parties and the objects to be accomplished so far as they are declared by the contract in determining the rights and interests created by it. Here a vineyard was to be cultivated, trimmed and trellised and the grapes when ripe were to be gathered and marketed. By the agreement defendant undertook to do the work and depend for his compensation upon the crop with the privilege of reserving it therefrom and of having the vineyard upon similar terms for the second year if the crop of the first was insufficient to pay him; the surplus proceeds to be paid to complainants. There was no rent to be paid or sharing in the crop to be had, the sole interest of the defendant being the collection from the proceeds of his pay. No time was fixed for the termination of any possessory interest but by inference the completion of the work ended the defendant's right to be upon the premises. Such facts do not establish the relation of landlord and tenant and the contract must be held one for employment and not a lease.

But so far as it affects the question of trespass the result is the same. The contract remained in force there being no rescission by the parties. It not only conferred the right but imposed the duty upon defendant to enter upon the land in the execution of the work of gathering the crop as well as of cultivation. It gave a license to defendant to so enter which being granted upon a valuable consideration was not revocable so as to destroy his right to collect from the crop after it had ripened and so as to cause a failure in the performance of his obligation to gather and market same. The doctrine of estoppel *in pais* applies in such case. *Rhodes v. Otis,* 33 Ala. 578; *McAllister v. Walker,* 69 Mo. App. 996.

For the purpose of restraining a trespass the bill is without equity, but if it sufficiently shows a right in complainants to cancel or rescind the contract it may stand for relief in that aspect. When the remedy for recovery of damages at law is inadequate equity may decree the cancellation of a contract at the instance of a

[Ferris v. Hoglan *et al.*]

party who has substantially complied with it, for its non-performance by the other party, and where the parties can be placed substantially in *statu quo*. *Miller v. Phillips*, 31 Pa. St. 218; *Doughten v. Camden B. & L. Asso.*, 41 N. J. Eq. 556; *Light & Water Co. v. City of Jackson*, 19 So. Rep., s. c. 73 Miss. 598, 771; *Farmers' & T. Co. v. Gaylesburg*, 133 U. S. 156.

The contract implies the obligation on the part of defendant to do the work stipulated for in a husbandman-like manner. The bill alleges in effect that it was done unskilfully and was worthless and injurious to the vineyard. Such defective and worthless performance was equivalent to no performance and if such allegations were sustained by proof it would entitle complainants to rescission if the allegations and proof were sufficient in other respects.

To entitle complainants to such relief it should appear that the non-performance of defendant was due to no fault of theirs and also that there was a substantial compliance or a waiver by defendant of compliance on their part with the obligations rested upon them by the contract. The bill is defective in failing to aver such facts but the defect being amendable the bill will be regarded on the motion to dismiss it as amended.

The demurrer will be treated as a whole and having been sustained upon one of its grounds the decree thereon will not be reversed.—*Steiner v. Parker*, 108 Ala. 357; *McDonald v. Pearson*, 114 Ala. 630.

In view of the alleged insolvency of the defendant and the lack of security for his performance of the ultimate decree, we cannot say that the retention of the injunction to await such decree was an improper exercise of the court's discretion.

Finding no error in the record the decree appealed from will be affirmed.