## STACKPOLE *v.* THE EASTERN RAILROAD.

The failure of the vendee of property to remove it from the land of the vendor within the time stipulated in the contract of sale, does not, necessarily and as matter of law, defeat the vendee's title to the property.

If the vendee is not hindered by the vendor in the removal of the property within the stipulated time, and is prevented from subsequently removing it by acts of the vendor reasonably necessary for the protection and beneficial enjoyment of his land, it is not a conversion of the vendor's property by the vendee, for which an action of trover can be maintained.

TROVER, for stones and brick. The plaintiff purchased of the defendants a house and adjacent buildings, including the foundation stones and underlying materials, with the stipulation to remove the property from the defendants' land within a time specified. The plaintiff had notice, at the time, of the defendants' purpose to proceed at once to erect a freight-house upon the site of the house purchased by the plaintiff. The plaintiff removed the house and buildings within the time specified, but some of the foundation stones and bricks had fallen there, and he was prevented from subsequently removing them by the defendants' filling the cellar and covering them with earth as a necessary step in the construction of the freight-house. The plaintiff excepted to the refusal of the court to instruct the jury that his neglect to remove the materials under the buildings within the time specified did not defeat his title to the property, and if, thereafter, the defendants converted the materials or so obstructed the passage to them that the plaintiff could not remove them, the defendants are liable to the plaintiff for their value. The jury were instructed that if the plaintiff was allowed the time stipulated for the removal of the buildings and materials, and was prevented from subsequently removing them by the defendants' proceeding to erect the freight-house and by the reasonable and necessary progress of the work, they would not be guilty of a conversion of the plaintiff's property. Verdict for the defendants.

*T. J. Smith*, for the plaintiff.

*Frink & Batchelder*, for the defendants.

ALLEN, J. The house and the materials under it, by their sale to the plaintiff, were severed from the land and became his personal property. *Kingsley* v. *Holbrook*, 45 N. H. 313; *Hoit* v. *Stratton Mills*, 54 N. H. 109. The stipulation to remove the buildings within a specified time was not necessarily a condition the non-performance of which defeated the plaintiff's title. Whether it was a condition attached to the passing of the title, or the non-performance of which would defeat the title, might be a question of fact depending upon the understanding of the parties to the sale upon that subject. *Hoit* v. *Stratton Mills*, *supra* 113. The case does not show what that understanding was, and it cannot be inferred from the circumstances, nor said, as matter of law, that the stipulation to remove the materials in a given time was not intended as a condition subsequent, the failure to perform which defeated the plaintiff's title to that part of the property not removed within the specified time.

If the property passed unconditionally to the plaintiff, and his title became absolute and indefeasible by the terms of the sale, he could not enter upon the land to remove it after the time fixed for

that purpose without becoming a trespasser. *Dame* v. *Dame*, 38 N. H. 429, 432, 433 ; *Plumer* v. *Prescott*, 43 N. H. 277. After the expiration of the time required for the removal of the materials they were wrongfully there, and the defendants' refusal to permit the plaintiff to enter upon the land to remove them, or their forbidding the entry, or their refusal to deliver them on demand, would not, necessarily, in either case, of itself, have been a conversion of the property. *Town* v. *Hazen*, 51 N. H. 596, 598. The plaintiff had notice, at the time of the sale, of the defendants' purpose to erect a freight-house on the site of the house sold to the plaintiff, and he could not rightfully prevent the reasonable occupation and use by the defendants of their own land by incumbering it with his materials beyond the time stipulated for their removal. Whatever, under all the circumstances of the case, it was reasonably necessary for the defendants to do, in the protection and beneficial enjoyment of their property, they might do. They might have removed the materials to a convenient place, or, if necessary for the protection and enjoyment of their property, they might have destroyed them without incurring liability. *Aldrich* v. *Wright*, 53 N. H. 398 ; *Hoit* v. *Stratton Mills*, *supra* 116. If the erection by the defendants of a freight-house, on the site of the materials, immediately after the lapse of the period in which the plaintiff was to remove them, was a reasonable use of the land, and the reasonable and necessary progress of the work prevented the subsequent removal of the remaining materials, it was not a conversion of the property by the defendants entitling the plaintiff to recover. There was no legal error in refusing the plaintiff's request for instructions, and none in those given, and the plaintiff's exception is not sustained.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.