Garanflo v. Cooley.

## FREDERICK GARANFLO V. ORRIN COOLEY.

33  137
49  355
33  137
52  482
52  711
33  137
67  854

1. AMENDED PETITION; *Waiver of Error.* Where a plaintiff in an action asks and obtains leave to file an amended petition, it becomes and must be treated as the original pleading, and he thereby waives any irregularity or error there may have been in the proceedings prior to the filing of the same.

2. GROWING CROPS, *Conveyed with Land.* Where a deed is executed for real estate, and no reservation of growing crops is contained in the deed, the growing crops will become the property of the grantee mentioned in the deed. (*Chapman v. Veach*, 32 Kas. 167.)

*Error from Osborne District Court.*

THE opinion states the case. At the February Term, 1884, the defendant *Cooley* recovered a judgment against plaintiff *Garanflo*, who brings it here for review.

*R. G. Hays*, for plaintiff in error.

*Saxey & Smith*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J: This action was brought in the district court of Osborne county by Frederick Garanflo as plaintiff, to enjoin Orrin Cooley, the defendant, from cutting, harvesting, or in any manner interfering with a growing crop upon a tract of land before that time conveyed by the plaintiff to the defendant. After issue was first joined between the parties and the trial had been commenced, objection was made by the defendant to the introduction of certain testimony offered by the plaintiff. The objection being sustained, the plaintiff asked and obtained leave to amend his petition by interlineation. The defendant then moved the court to require the plaintiff to make his petition more definite and certain, which motion being sustained, the plaintiff upon application was granted leave to file an amended petition beyond the term, and the case was continued to the following term. An amended petition was accordingly filed, whereupon the defendant demurred

thereto, alleging that the amended petition did not state a cause of action. The demurrer was sustained by the court, and the plaintiff, alleging error, brings the case to this court for review.

The action of the court in sustaining the objection to testimony, and the other rulings made before the filing of the amended petition, were excepted to by the plaintiff, and are assigned as error. Whether or not the court erred in these rulings, we cannot now inquire. In asking and obtaining leave to file an amended petition, plaintiff must be held to have waived whatever of irregularity or error there may have been prior to filing the same. It was substituted for the first petition, and to all intents and purposes became the original pleading in the case.

The only question, then, which is before us, is the sufficiency of the amended petition. From the statements therein we learn that Garanflo was the owner and in possession of a quarter-section of farming land, upon which there was a growing crop of wheat and rye; that Cooley likewise owned a farm in that neighborhood, and that on or about the 24th of January, 1883, a verbal contract was made between the plaintiff and the defendant, by which it was agreed to exchange farms, Garanflo reserving the growing crop which was upon his. Afterward the exchange was made, and the plaintiff conveyed his farm to the defendant by a warranty deed, and gave possession of the same, but made no exception or reservation of the growing crop. Notwithstanding this fact, Garanflo claimed that he was still the owner of the growing crop. It is alleged that the defendant is insolvent; that he claims to own the growing crop, and is threatening to harvest and convert it to his own use, and the plaintiff therefore asks that he be enjoined from so doing.

The main point raised by the demurrer, and the one chiefly argued by counsel, is, whether the growing crop upon the plaintiff's farm passed by the conveyance to the defendant, there being no written agreement of reservation, nor any exception of the same from the plaintiff's deed of conveyance. The

verbal agreement respecting the reservation of the crop, it will be observed, was anterior in point of time to the execution and delivery of the deed from plaintiff to the defendant. It is claimed by plaintiff's counsel that the growing crop is personalty, and of such a character as not to pass with the grant of the land, and that no reservation in writing or exception from the deed is necessary to prevent its passing as a part of the realty to the grantee.   While there is some conflict of authority upon this question, it is no longer an open one in this state.   It has been decided that "where a deed is executed for real estate, and no reservation of growing crops is contained in the deed, the growing crops will become the property of the grantee mentioned in the deed." (*Chapman v. Veach*, 32 Kas. 167.   See also *Smith v. Hague*, 25 Kas. 346; *Babcock v. Dieter*, 30 id. 172; Tiedeman on Real Property, §§ 2, 799.)

The demurrer was therefore rightfully sustained, and the judgment of the court below will be affirmed.

All the Justices concurring.