## ELIAS SMITH v. C. A. LEIGHTON.

1. EVIDENCE— *General Objection, Not Available as Error.* A general objection to the admission in evidence of the record copy of a deed conveying real estate, in an action where the original deed was competent evidence for some purposes and under certain circumstances, is not available for the purposes of error.

2. ———— *Growing Grass— Rule.* As a general rule, growing grasses are a part of the land, and require an agreement in writing for their sale and severance from the land.

3. GROWING GRASS, *Passes to Grantee, When.* A conveyance of land, without any reservations or exceptions, passes to the grantee all growing grass thereon; and where the grantor has agreed by parol to sell the grass growing thereon to a tenant, the purchase-price not having been paid, the grantee will be entitled to collect the price thereof, or to collect the unpaid rent upon the land where such grass is growing.

*Error from Lyon District Court.*

THE opinion states the case.

*W. A. Randolph,* for plaintiff in error.

*Kellogg & Sedgwick,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This proceeding springs up for review a judgment rendered in an action brought by C. A. Leighton against Elias Smith to recover the value of certain grass which Smith cut and carried away from the premises of Leighton. On July 10, 1883, and for some time prior thereto, one V. Lillard owned a quarter-section of land in Lyon county, which on that day he sold and conveyed by warranty deed, without reservation, to C. A. Leighton. Before that time he had leased the land to Elias Smith for the year 1883, and Smith had sub-let it to A. Hill, who was in possession before the sale of the land, and in May, 1883, Lillard made a verbal sale of some grass growing on a certain meadow of the premises, for $65. About the last of July or the first of August, 1883, Smith cut and took the grass from the premises; and subse-

quently, when Leighton demanded compensation for the grass, Smith stated that he was ready to pay for the same as soon as he learned to whom payment should be made. Trial at the April term, 1886, when Leighton recovered $75.78, which is the amount Smith agreed to pay for the grass, together with 7 per cent. interest. The defendant brings the case to this court.

The first error assigned here is the admission in evidence of the record copy of the deed from Lillard to Leighton, conveying the premises upon which the grass grew. The original deed was admissible in testimony for the purpose of showing whether there had been any reservation made by Lillard when the land was conveyed. The copy of the deed was not the best evidence, and was not admissible unless a proper foundation was laid for the introduction of secondary evidence. Only a general objection, however, was made to the introduction of the copy. If the original deed was not in the possession or control of the plaintiff, the record copy could be introduced in evidence, and being admissible under certain circumstances, a general objection was not available for purposes of error. It has frequently been held "that where evidence is apparently admissible for any purpose, or under any circumstances, the court does not err in admitting the same, unless the reasons for its exclusion are given by the party objecting." (*Ferguson v. Graves,* 12 Kas. 43; *Botkin v. Livingston,* 16 id. 41; *Cross v. National Bank,* 17 id. 336; *K. P. Rly. Co. v. Cutter,* 19 id. 83; *Humphrey v. Collins,* 23 id. 549.)

It is next contended that the court erred in excluding evidence offered by Smith, and also in directing the verdict in favor of Leighton. We think the result reached is substantially just and correct. Smith claimed the right to the grass by virtue of a parol agreement with Lillard, by which he was to pay $65 for the grass when cut; and also claimed that the purchase-price of the grass was for the rent of the meadow land on which it grew. The land upon which the grass stood was conveyed to Leighton subsequent to the parol agreement,

and while the grass was yet green and growing. It is stated that the grass was growing on an inclosed and cultivated meadow; but it does not appear whether it was an annual or perennial growth. It is a general rule that growing grasses, whether wild or cultivated, are a part of the land, and require an agreement in writing for their sale and severance from the land. Smith contended that this agreement is within some of the exceptions to the general rule, and sought to bring it within the claimed exceptions by offering to show that Leighton knew of his lease upon the land, and of the sale of the grass prior to his purchase of the land; which offer was refused. However, as the case comes up, we need not examine the sufficiency of this contention, or the competency of the testimony. In the deed of conveyance from Lillard to Leighton there was no reservation of the grass, or exception of any kind. In such a case, and as between grantor and grantee, it is well settled here that the growing crops pass to the grantee. (*Garanflo v. Cooley*, 33 Kas. 137; *Chapman v. Veach*, 32 id. 167; *Babcock v. Dieter*, 30 id. 172; *Smith v. Hague*, 25 id. 246.) When the conveyance was made and delivered, it carried with it the right to the crops and to collect all unpaid rents; in other words, Leighton was substituted as owner and landlord in place of Lillard. There being no reservations, Lillard from that time forth had no claim upon the crops or the rent due from the tenants. Smith had not paid for the grass, and whether the amount agreed to be paid is treated as the purchase-price of the grass, or as rent-money for the meadow, is immaterial. Smith was owing the price of the grass to some one, and he refused to pay only because he did not know to whom it was due. The amount found by the jury as the value of the grass is the same as that which Smith had agreed to pay for the same, with interest to the time of judgment, and the payment of this judgment will discharge Smith from all liability for the grass.

The judgment of the district court will be affirmed.

All the Justices concurring.