MARY E. FLETCHER *vs.* EVERETT LIVINGSTON & another.

Suffolk.   February 7, 1891. — February 27, 1891.

Present: FIELD, C. J., C. ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Sale of Standing Wood — License — Administrator's Sale of Land — Remedy.*

A purchaser of standing wood and timber, after severing the trees from the land, has an irrevocable license to enter and remove them ; but before the trees are cut, the landowner may revoke his license, leaving him no remedy but an action for breach of contract.

The purchaser of standing wood and timber, who does not sever the trees from the land within the time limited therefor, cannot, upon a subsequent sale and conveyance of the land by the owner's administrator under license of the Probate Court, maintain against such administrator and his grantee an action of tort founded upon the ownership of the wood and timber as chattels, or of trespass *quare clausum.*

A purchaser of standing wood has no such interest in the land before the severance

of the trees as to give him a right to pay the debts of the seller upon his dying intestate, either for the purpose of preventing a sale of the land by his administrator, or to enable him to call in question the administrator's conduct in advertising the sale.

TORT, against Everett Livingston, and J. B. Crawford, administrator of the estate of Louisa Fletcher, in three counts, the first for the sale by Crawford and the purchase by Livingston of land upon which was standing wood and timber alleged to belong to the plaintiff; the second for a conversion of the wood and timber; and the third for breaking and entering the plaintiff's close and taking away the wood and timber.

At the trial in the Superior Court, without a jury, *Hammond*, J. found the following facts. On March 1, 1886, the intestate agreed in writing, for a valuable consideration, to sell to the plaintiff, who was her daughter, " all the wood and timber standing " on a piece of land owned by the intestate " with one year's time to get it off," and afterwards orally agreed to give the plaintiff " a reasonable time longer within which to remove the wood." The intestate died on December 21, 1886. Afterwards, the defendant Crawford, who was duly appointed administrator of her estate, agreed in writing, with the consent of the other heirs, to extend the time for the removal of the wood by the plaintiff to September 1, 1887. On September 13, 1887, a license to sell real estate was duly issued to Crawford, who, after advertising according to law, sold the land in question to the first named defendant, and on November 12, 1887, executed and delivered to him an administrator's deed in the usual form. The land was in the possession of the intestate's husband as tenant by the curtesy until November 12, 1887; and none of the wood or timber was ever severed by the plaintiff.

The judge excluded evidence offered by the plaintiff which tended to show that the administrator had not acted in good faith in selling the land or in advertising the sale, and that the plaintiff had offered to pay all the debts of the estate, and that the sale of the land to pay the intestate's debts was on that account unnecessary.

The judge ruled, first, that the contract of March 1, 1886, was a sale to the plaintiff of only so much of the timber as the vendee might take off in one year, or, if the time was extended,

within the time as thus extended; secondly, that the plaintiff's right to take off wood expired on September 1, 1887; and found for the defendant; and the plaintiff alleged exceptions.

*J. W. Pettengill,* for the defendants.

*C. Robinson & G. A. Blaney,* for the plaintiff.

KNOWLTON, J. It is well settled that a contract like that relied on by the plaintiff does not immediately pass a title to property, and is not a sale or a contract for a sale of an interest in land, but an executory agreement for the sale of chattels, to take effect when the wood and timber are severed from the land, with a license to enter and cut the trees and remove them. Such a contract, if oral, is not within the statute of frauds, and its construction is the same as if it were in writing. *Claflin* v. *Carpenter,* 4 Met. 580. *Giles* v. *Simonds,* 15 Gray, 441. *Drake* v. *Wells,* 11 Allen, 141. *Hill* v. *Hill,* 113 Mass. 103, 105. *United Society* v. *Brooks,* 145 Mass. 410. The subject was fully considered by Chief Justice Bigelow in *Drake* v. *Wells, ubi supra,* and was discussed in the earlier case of *Giles* v. *Simonds,* and it was held that a purchaser of standing wood and timber, after severing the trees from the land, has an irrevocable license to enter and remove them, but that before they are cut his license may at any time be revoked by the landowner, leaving him no remedy but an action to recover damages for the breach of the contract.

In the present case the declaration contains three counts. The first two are founded on the plaintiff's alleged ownership of the wood and timber as chattels. But she had no ownership so long as the trees remained attached to the realty, and her action cannot be maintained on either of these two counts. The third is for trespass *quare clausum.* The plaintiff by her contract acquired no interest in the land, and she was not in possession, and she cannot maintain an action of trespass. It does not appear that there was any breach of contract on the part of either of the defendants; but if there were, the plaintiff's remedy would be in another form of action.

The evidence excluded was immaterial. The plaintiff is not shown to have had any such interest in the realty as to give her a right to pay the debts of the intestate for the purpose of preventing a sale of the land, or to enable her to call in question

the administrator's conduct in advertising the sale. If no sale had been made, the heirs at law might lawfully have prevented her from entering upon the land.      *Exceptions overruled.*