Ross v. Cook.

---

E. P. Ross AND J. A. Ross, *as Partners, etc.,* v. W. A. Cook.

No. 13,989.   (80 Pac. 38.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Sale of Grass—Statute of Frauds.* A contract for the sale of grass growing upon the land of the seller, to be cut and removed by the buyer, he to pay a stated price per acre, is one for the sale of an interest in real estate within the meaning of the statute of frauds, and cannot be enforced unless evidenced by a memorandum in writing.

2. —————— *Part Performance.* The cutting of a portion of the grass by the purchaser at a stated expense is not a sufficient part performance to take such a contract out of the statute.

3. ——— *Revocation of License.* So far as relates to any part of the grass not already cut the landowner may revoke the license granted by such a contract to the purchaser to enter upon the land and cut and remove the grass without incurring any liability to him for damages.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed March 11, 1905. Affirmed.

*Kellogg & Madden,* for plaintiffs in error.
*Lambert & Huggins,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: This proceeding is brought to reverse the action of the district court in sustaining a demurrer to a petition, the substantial averments of which were that in July, 1901, defendant made an oral contract with plaintiffs selling to them the grass growing upon an eighty-acre tract of land owned by him, which provided that plaintiffs should cut and remove such grass and pay defendant therefor at the rate of $1.50 an acre; that upon the faith of the agreement plaintiffs had cut the grass upon five acres, at an expense of $8; that defendant then refused to allow them to proceed; and that by such refusal plaintiffs suffered damages in the sum of $1200.

The trial court held that the contract was one for the sale of an interest in real estate, and, therefore, was within the statute of frauds, and that no damages could be recovered for its breach. Against this conclusion it is urged that it was competent for the parties to treat the growing grass as personal property; that even if the statute would otherwise have applied its effect was obviated by part performance; and that in any event the arrangement made amounted to a license to plaintiffs to enter upon the land and cut and remove the hay, granted by defendant under such circumstances that it could not be

revoked without subjecting defendant to an action for damages.

It is the settled law of this state that "growing grasses, whether wild or cultivated, are a part of the land, and require an agreement in writing for their sale and severance from the land." (*Smith v. Leighton*, 38 Kan. 544, 17 Pac. 52, 5 Am. St. Rep. 778; *Powers v. Clarkson*, 17 id. 218; 29 A. & E. Encycl. of L. 889. See, also, notes to *Hirth v. Graham*, 50 Ohio St. 57, 33 N. E. 90, in 19 L. R. A. 721, 722, and 40 Am. St. Rep. 641, and *Fish v. Capwell*, 18 R. I. 667, 29 Atl. 840, in 49 Am. St. Rep. 807, and 25 L. R. A. 159.) No such part performance was here alleged as would take the contract out of the statute of frauds. Nothing was shown to have been done by plaintiffs in reliance upon the agreement that occasioned them any irreparable injury as a consequence of its non-fulfilment. The cutting of a few acres of grass at an expense of eight dollars could have had no greater effect in this connection than a payment of money. And the mere part payment, or even the entire payment, of the price upon an oral contract for the purchase of real property does not affect the operation of the statute. (26 A. & E. Encycl. of L. 54; 23 Cent. Dig. c. 2408, §311 *et seq.*)

The agreement set out in the petition doubtless amounted to a license to the plaintiffs to enter upon the defendant's land and cut and remove the grass; that is, so long as the privilege it granted was not withdrawn the plaintiffs would not be liable for trespass for acts done under it. Doubtless, also, any grass cut before such withdrawal would thereby be converted into personal property which the plaintiffs would have a right to remove, notwithstanding any subsequent action of the defendant; but such a license, so far as it remains unexecuted, is revocable. (See note in 19 L. R. A., *supra*.) Language used in the opinions in *Ferris v. Hoglan et al.*, 121 Ala. 240,

25 South. 834, and *Terrell v. Frazier,* 79 Ind. 473, might seem to conflict with this statement; but these cases turn upon peculiar conditions. In the former the parties agreed that the plaintiff was to cultivate and care for a vineyard belonging to defendant, depending for his compensation upon the crop. After he had performed his part of the agreement it was held that the defendant was estopped to forbid his gathering the fruit, which was in large part the result of his own labor. In the latter case the defendant agreed that he himself would cut certain timber standing upon his land and deliver it to the plaintiff, in consideration of $100, which was duly paid to him. It was held that upon the refusal of the defendant to carry out the agreement plaintiff might recover the amount he had paid.

In jurisdictions where, as in Massachusetts and Michigan, such a contract as that here sued upon is held not to be within the statute of frauds, because not one for the sale of an interest in real property, damages are allowed for the revocation of the license granted by it. (*Fletcher v. Livingston,* 153 Mass. 388, 26 N. E. 1001; *Greeley v. Stilson,* 27 Mich. 153.) But where the contract is unenforceable damages cannot be allowed for its breach, even though it be called the granting of a license.

The judgment is affirmed.

All the Justices concurring.