Hillsborough,
  Feb. 6, 1906.

### DYER v. HARTSHORN.

One who has neither title nor right to the possession of land or trees growing
  thereon cannot maintain trespass against the owner of the timber for cut-
  ting and removing it from the premises.

TRESPASS, for breaking and entering the plaintiff's close and
cutting and carrying away timber. Writ dated April 15, 1904.
Trial at the May term, 1905, of the superior court before *Peaslee*,
J., who found a verdict for the defendant, subject to the plaintiff's
exception. Transferred upon an agreed statement of facts.
    March 24, 1899, M. Susie Temple conveyed the Perkins farm
in Mont Vernon to Elnora Winn, by a warranty deed which con-
tained the following clause: "Reserving the wood and timber
standing on the following described piece of land: Beginning at
the no. east corner of said woodlot, thence running south to
stone wall; thence running southwesterly by said wall and land
bout this day bought of said Temple; thence north by Henry G.
Blood and Henry A. Hutchinson; thence east by land of Harry G.
Blood and Charles H. Trow. Mrs. M. Susie Temple reserves the
right of two years from May 1st, 1899, to remove the lumber and
wood on lot above mentioned." This deed was recorded March 31,
1899. Hartshorn had previously bargained for the wood and
timber, and Temple conveyed it to him on May 29, 1899, by a
warranty deed which was recorded June 10, 1899.

November 7, 1900, Winn conveyed the farm to Dyer by a warranty deed recorded the same day, which contained a clause "reserving all the wood and timber now standing or down on the following described piece of land," describing the same lot reserved in deed of Temple to Winn, and ending as follows: "The above reserve was for two years limited to May 1st, 1901, with the right to enter upon and take away the same within the above limit." September 28, 1901, Dyer sold and conveyed the premises to Peebles, making no reservation. Hartshorn cut a part of the wood and timber before May, 1901, and the remainder in February or March, 1902. At the May term, 1902, of the superior court, Peebles sued Dyer—the present plaintiff—for breach of covenant on account of the growth cut by Hartshorn in 1902, and recovered judgment.

*Doyle & Lucier,* for the plaintiff.

*Edgar I. Kendall,* for the defendant.

BINGHAM, J. The title to the trees reserved in the deed of March 24, 1899, was absolute. The fact that the deed provided for their removal from the land before May 1, 1901, did not render the title to them conditional, but made their continuance upon the land after that date unlawful. *Hoit* v. *Stratton Mills,* 54 N. H. 109; *S. C.,* 54 N. H. 452; *Smith* v. *Furbish,* 68 N. H. 123, 130; *Irons* v. *Webb,* 41 N. J. Law 203. By the reservation the trees were, in contemplation of law, severed from the granted land (*Kingsley* v. *Holbrook,* 45 N. H. 313; *Hoit* v. *Stratton Mills,* 54 N. H. 109), and as effectually transformed into personal property as though they had been actually severed. *Plumer* v. *Prescott,* 43 N. H. 277; *Town* v. *Hazen,* 51 N. H. 596; *Stackpole* v. *Railroad,* 62 N. H. 493; *Dudley* v. *Foote,* 63 N. H. 57, 59. The plaintiff's grantor had no title to the trees and could transfer none. Neither could she change the contract between herself and Temple. *Kidder* v. *Flanders, ante, p.* 345. The trees that were upon the land in February and March, 1902, were the property of the defendant. The plaintiff had then parted with her title and right to the possession of the land. Not being the owner of the land or the trees when the alleged trespass was committed, she cannot maintain this action. The verdict was properly found for the defendant.

*Exception overruled.*

All concurred.