Sallee v. Gilliland.

No. 21,907.

HENRY SALLEE, *Appellant,* V. C. M. GILLILAND, *Appellee.*

SYLLABUS BY THE COURT.

LEASE—*Pasture Land—Overstocking Pasture—Injury to Sod—Measure of Damages.* A lease contained the following provisions relating to use of pasture land: "The party of the second part hereby covenants and agrees: . . . not to permit the pasture on said land to be at any time overstocked so as to injure the sod; . . . four acres per head for live stock to be the standard."

Held, the standard of four acres per head was the rule for estimating overstocking to an extent which would injure the sod, and the damages recoverable by the landlord for breach of the covenant are limited to compensation for injury to the sod.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed May 10, 1919. Affirmed.

*D. W. Wheeler,* and *J. E. Wheeler,* both of Marion, for the appellant.

*W. H. Carpenter,* of Marion, and *C. M. Clark,* of Peabody, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a landlord against his tenant for breach of a covenant contained in the lease. A demurrer was sustained to the first cause of action presented in the petition, and the plaintiff appeals.

The lease included pasture land, and contained these provisions relating to its use:

"The party of the second part hereby covenants and agrees: . . . not to permit the pasture on said land to be at any time overstocked so as to injure the sod; . . . four acres per head for live stock to be the standard."

There were 200 acres of pasture land which the defendant used for pasturing cattle for hire. In the year 1915 he kept 73 head in the pasture, and in the year 1916, 82 head; for which he received six dollars per head. The burden of the first cause of action was that the standard of four acres per head limited the number of cattle which might be kept in the

pasture to 50 head per year. The overstocking for the two years amounted to 55 head. The defendant received six dollars per head for pasturing these cattle, or $330, which the plaintiff sought to recover. No reference was made to injury to the pasture. That subject was dealt with separately in another cause of action.

The defendant had the right to full benefit and sole benefit of use of the land. He agreed, however, not to injure the sod of the pasture land by overstocking. The standard of four acres per head was the rule for estimating overstocking to an extent which would injure the sod, and the damage the plaintiff sustained from overstocking was the sum which would compensate for injury to the sod. The sum which the defendant charged and received for pasturing cattle is no measure of that damage. If, under normal conditions, 23 and 32 head of surplus cattle would injure the sod, the injury would be the same without regard to what the defendant received for pasturing them, whether four, or six, or ten dollars per head, or nothing at all. Whatever the defendant received, the plaintiff has no title to that money, and he will be made entirely whole, if he has in fact been damaged, by recovery under the cause of action relating to injury to the pasture land.

The judgment of the district court is affirmed.