### CLARK v. ALDRICH.

(Circuit Court of Appeals, First Circuit. February 21, 1922.)

No. 1534.

1. **Logs and logging ⬯3(14)—Products of standing timber not forfeited by failure to remove them within time fixed by contract.**

Under a contract for the sale of standing timber to be cut and removed by a date specified, lumber and other products manufactured from the timber by the purchaser become his personal property, and they do not become the property of the seller because not removed from the land within the time limited.

2. **Trover and conversion ⬯22—Breach of contract held no defense.**

In an action for conversion of products of timber cut by plaintiff from defendant's land under a contract, that plaintiff willfully violated the contract by failing to remove the products within the time therein provided *held* to constitute no defense.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Action at law by Herbert O. Aldrich against Ernest I. Clark. Judgment for plaintiff, and defendant brings error. Affirmed.

William Reed Bigelow, of Boston, Mass., for plaintiff in error.

Virgil C. Brink, of Boston, Mass. (John M. Maguire, Grafton L. Wilson, and Hale & Dorr, all of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an action for the conversion of wood and sawed lumber. On April 12, 1917, Clark executed a bill of sale in familiar form of "all the standing timber" on a designated lot of Clark's land in Framingham, "said Aldrich to have 2½ years to cut and remove said timber, and during said time to have use of part of the pasture adjoining, not exceeding one acre, to pile lumber on, and to have a free passage to said state road." Aldrich cut all the timber within the time limit, but at the expiration of the 2½-year period there were still on Clark's land about 425 cords of wood, 25 cords of slabs, and 150,000 feet of sawed lumber. Clark thereupon claimed that the wood and lumber were forfeited to him by reason of Aldrich's failure to remove them from his land within the 2½-year period. He excluded Aldrich from his premises and, as is conceded, converted the wood and lumber to his own use. The District Court, on the plaintiff's motion,

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

directed the jury to return a verdict for the plaintiff, and submitted the case to the jury for assessment of damages, instructing the jury that, in order to avoid multiplicity of actions, they were also to assess such damages, if any, as the defendant suffered by reason of the plaintiff's failure to remove his property from the defendant's land on or before the agreed date, October 12, 1919, and for his failure to store his property upon the agreed lot and to leave the premises in such condition as it was agreed that they should be left in.

[1] Counsel on both sides agree, as clearly they must, that when the timber was cut it became personal property belonging to the plaintiff. Nelson v. Nelson, 6 Gray (Mass.) 385; Peirce v. Finerty, 76 N. H. 38, 76 Atl. 194, 79 Atl. 23, 29 L. R. A. (N. S.) 547; Hoit v. Stratton Mills, 54 N. H. 109, 20 Am. Rep. 119; Kidder v. Flanders, 73 N. H. 345, 61 Atl. 675; Dyer v. Hartshorn, 73 N. H. 509, 63 Atl. 231. Under such circumstances the court below was plainly correct in ruling that this personal property could not be forfeited to the defendant unless such intention was plainly expressed in the contract; also that in this contract there was no language importing forfeiture of the cut wood and lumber. Cf. Peirce v. Finerty, 76 N. H. 38, 40, 76 Atl. 194, 79 Atl. 23, 29 L. R. A. (N. S.) 547.

Most of the cases cited by the defendant's learned counsel have on fair analysis no application to this case. We have no occasion to undertake to reconcile the numerous and somewhat conflicting rulings as to contracts for the cutting and removal of timber; it is enough to note that the overwhelming weight of authority applicable to such a contract as was made by these parties is in support of the view taken by the court below. See Wimbrow v. Morris, 118 Md. 91, 84 Atl. 238, 47 L. R. A. (N. S.) 882, and note, in which most of the authorities are reviewed. On page 888, in this note, it is stated:

"It seems to be the rule, even in those jurisdictions which hold that all the rights of the parties to the timber terminated at the expiration of the time limit, if the timber is manufactured into lumber, the owner of the timber does not lose his right thereto by the expiration of the time limit."

See, also, Fletcher v. Livingston, 153 Mass. 388, 390, 26 N. E. 1001; Claflin v. Carpenter, 4 Metc. (Mass.) 580, 38 Am. Dec. 381; Giles v. Simonds, 15 Gray (Mass.) 441, 77 Am. Dec. 373; Drake v. Wells, 11 Allen (Mass.) 141; Hill v. Hill, 113 Mass. 103, 105, 18 Am. Rep. 455; United Society v. Brooks, 145 Mass. 410, 14 N. E. 622.

There is no "Massachusetts rule" that supports the defendant's position in this case.

[2] Willful nonperformance, the basic idea in defendant's eleventh, twelfth, and thirteenth assignments of error, has no bearing on the issue in this case. Of course the plaintiff's rights to the lumber and wood originated in the contract. But after it was cut it was his. This suit sounds in tort for its conversion. Plaintiff does not declare on a contract which he may or may not have willfully broken. Defendant's rights were all fully secured by the court's instruction that the jury should assess any damages defendant had suffered.

The judgment of the District Court is affirmed, with costs to the defendant in error.