No. 32,482

MRS. MATTIE E. SURFACE, *Appellant*, v. GEORGE S. BROCK, W. A. PETERS and WILLIAM PAYNE, *Appellees*.

(51 P. 2d 1005)

Opinion filed December 7, 1935.

*E. D. Mikesell*, of Fredonia, for the appellant.

*J. L. Stryker* and *W. H. Edmundson*, both of Fredonia, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: In this case plaintiff has appealed from an order of the trial court sustaining defendants' demurrer to her petition.

Shortly stated, and so far as is pertinent here, it is alleged in the petition that plaintiff owned 1,477 acres of land in Wilson county, which it described; that in April, 1934, she leased this land to defendants for a term of seven months, from April 1 to November 1, 1934, for a cash rental of $500. A copy of the lease was attached to the petition. That the lease contained the clause, "It is mutually agreed that said second party (the defendants) is not to pasture more than one head of stock for five acres on the above premises during the continuance of this lease"; that this clause authorized defendants to pasture 296 head of stock on the premises and limited them to that number; that in fact they did pasture 540 head of stock on the premises, and that the reasonable value of the pasturage of the excess number of stock was $875, for which sum she prayed judgment.

In another cause of action plaintiff adopted pertinent portions of the former cause of action and alleged that the lands were leased to defendants to be used exclusively for pasture purposes; that defendants had no right to use the premises for the purpose of cutting the grass growing or grown thereon for hay; that they did cut the grass and put up seventy-five tons of hay, which they removed from the premises and used for their own purposes; that the hay was worth $10 per ton over the cost of cutting it and putting it up, for which plaintiff asked judgment for $750.

Defendants' separate demurrer to each of the causes of action was upon the ground the facts stated therein were not sufficient to constitute a cause of action.

In support of the judgment of the trial court appellees cite 36 C. J. 84 to the effect that where the lease "is silent on the subject" the lessee, by implication, has the right to put the premises to such use as he pleases not materially different from that to which they usually are employed and to which the premises are adapted, and the authorities cited in support of the text. The difficulty with the citation is that this lease is not "silent on the subject" with respect to the number of cattle defendants had the right to put on the premises. They specifically agreed in the lease "not to pasture more than one head of stock for five acres." They had not leased the pasture for any number of stock in excess of 296 head, which would be one head to five acres. With respect to any number of stock pastured on the premises in excess of that, they pastured there without a lease. We know of no reason why they should not pay the reasonable value of such pasturage. (R. S. 67-520; *Pessemier v. Hupe,* 121 Kan. 511, 513, 247 Pac. 435.)

It is within the rights and power of the parties to make valid restrictions for the use of a property in a lease. Indeed, they sometimes are implied from the nature of the property. (36 C. J. 88.) Such restrictions should be so construed as to carry into effect the intention of the parties. (36 C. J. 90 *et seq.*) To the same effect see 16 R. C. L. 736. This doctrine has been recognized as the law of this state, and in *Godfrey v. Black,* 39 Kan. 193, 17 Pac. 849, the lessee was enjoined from using the property for some purpose other than that for which it was leased. (See, also, *Grantham v. Hanenkratt Lead & Zinc Co.,* 131 Kan. 535, 545, 292 Pac. 757.)

Appellees argue that plaintiff would not be entitled to recover unless she could show injury to the sod or freehold. On this point

they cite and rely largely on *Sallee v. Gilliland,* 104 Kan. 722, 180 Pac. 763, the facts of which they say are identical with the instant case. The cases are readily distinguished. There, by the covenant in the lease, the lessee agreed "not to permit the pasture on said land to be at any time overstocked so as to injure the sod; . . . four acres per head for livestock to be the standard." After the termination of the lease the lessor sued in two causes of action. In the first he alleged defendant had pastured more than one head to four acres and sought to recover the amount the lessee had collected for pasturing the excess number. In the second cause of action he alleged the sod had been injured by overpasturing and sought damages therefor. The trial court sustained defendant's demurrer to the first cause of action, and plaintiff appealed. This court held "the standard of four acres per head was the rule for estimating overstocking to an extent which would injure the sod," and limited his damages to injury to the sod, which, the opinion stated, if he were damaged in that respect he could recover under his second cause of action. There, there was no specific prohibition against putting more than a certain number of head of stock in the pasture, as there is here. There the only thing the lessee covenanted against was injury to the sod, and plaintiff was permitted to try his cause of action for that. In this action the lessor, by the limitations placed in the lease, retained whatever benefits there would be to her by not pasturing more stock than one head per five acres. That might be grass to be used for winter pasture, or grass to be cut for hay. It certainly was not limited solely to injury to the sod.

Upon the last cause of action there is an absence of a specific statement in the lease that it was to be used for pasturing of livestock only. Although it is quite possible the character of the property, together with the references made in the lease to pasturing stock, will justify or require an implied restriction to that use, we need not pass upon that question at this time. Plaintiff in her petition specifically alleged that the lands were leased to be used exclusively for pasture purposes. When a written lease is silent on the use to be made of leased premises, and the parties have had a parol agreement with respect thereto, such agreement may be shown by parol evidence. (*Chamberlain v. Brown,* 141 Ia. 540, 120 N. W. 334.) The general rule is that growing grass is a part of the realty, and that an agreement to sever it must be in writing. (*Smith v. Leighton,* 38 Kan. 544, 17 Pac. 52; *Ross v. Cook,* 71 Kan. 117,

80 Pac. 38.) Certainly there is nothing in the lease authorizing defendants to use the premises to the full extent for pasture purposes and also to cut the grass on it.

From what is said it necessarily follows the judgment of the trial court must be reversed for further proceedings. It is so ordered.