No. 39,603 .

ROSA L. CROASDALE, *Appellee*, v. C. B. BUTELL and ERWIN SCHOEPF-LIN, individually and as co-partners doing business as "Osage Farm," *Appellants*.

(280 P. 2d 593)

Opinion filed March 5, 1955.

*John J. Riling*, of Lawrence, was on the briefs for the appellants.

*Willard B. Rogers, Joseph H. Foth*, and *J. Richard Foth*, all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This action was instituted by the plaintiff, who is conceded to have a life estate interest in the real estate involved, to recover treble damages, pursuant to G. S. 1949, 21-2435, from the two persons named as defendants, for the unauthorized cutting and converting of grass. Separate demurrers to the petition, each based on grounds (1) plaintiff had no legal capacity to sue and (2)

the petition failed to state facts sufficient to constitute a cause of action in favor of plaintiff and against either defendant, were overruled, hence this appeal.

The allegations of the petition, which we pause to note were not attacked by motion and therefore must be liberally construed and given the benefit of all reasonable inferences, are to the effect that plaintiff is the owner of a life estate in certain real property (describing it) and defendants are, or were until sometime in October, 1953, copartners or joint adventurers, doing business as "Osage Farm"; that on or about August 31, 1951, plaintiff and defendants entered into a written lease whereby plaintiff leased the real property so owned to defendants for a term beginning May 1, 1952, and ending October 15, 1954, for cattle grazing purposes only; that in August or September of 1953 defendant Schoepflin, acting on behalf of the partnership, with the knowledge and consent of his copartner, the defendant Butell, entered upon the pasture land, cut the grass growing thereon, baled it for hay, took possession of such grass, carried it away and converted it to the use and benefit of the partnership, all without right, authorization or permission.

Under other allegations of the petition a copy of the lease was attached to and made a part of such pleading. This instrument, signed by all parties to the action, is of such importance to the appellate issues involved that portions thereof should be quoted at length. Omitting preliminary and concluding formal averments, it reads:

"1. The first party hereby lets and leases to the second party, and the second party hereby rents from the first party, the following described real property in Osage County, Kansas:

(Here follows description.)

for the term beginning May 1st 1952 and ending October 15th 1954, or ending on the date of the death of Rosa L. Croasdale, or on the date of the sale of said land by the present owners of the entire fee simple title, whichever date shall first occur, *unless such sale shall occur in the pasture season* and in that event this lease terminates on October 15th following the sale.

"2. The second party will pay to the first party at Olivet, Kansas, as rental, the sum of $2550.00, payable as follows: $850.00 on or before September 1st 1951, receipt of which is acknowledged by the said Rosa L. Croasdale, $850.00 *prior to removal of cattle from the pasture in the 1953 grazing season* and $850.00 *prior to removal of the cattle from the pasture in the 1954 grazing season;* provided, however, in the event this lease is terminated by the death of Rosa L. Croasdale, or by sale of the land, all rent not earned at the time of such termination of the lease shall be canceled *and the second party shall only*

*be obligated to pay earned rental pro rata to the date of termination, computed*
*on the basis of grazing time elapsed.*

"3. The *grazing load on the pasture shall not exceed 75 head of yearling cattle, or equivalent. The pasture shall be used for grazing purposes, and only between May 1st and October 15th.*

"4. The first party will furnish all necessary materials for the repair of fences, and the second party will furnish all labor necessary to keep the same in repair.

"5. The second party has inspected the water facilities, which are satisfactory in present condition, the second party will keep the water facilities in their present reasonable good condition of repair, and the parties understand the first party is under no obligation to furnish water or additional water facilities." (Emphasis supplied.)

Following argument on the demurrers the trial court in a well-reasoned and exhaustive memorandum decision overruled such demurrers in their entirety, stating in substance with respect to the second ground thereof that when all its provisions were considered and read together the lease made it clear that what the parties intended to do under its terms was to limit the use of the land to the pasturing of livestock.

The demurrers in this case are identical in form and substance. The same holds true of arguments advanced by the parties in their briefs with respect to the rulings thereon. For that reason issues will be disposed of as if one demurrer were involved.

The first claim of error advanced by appellants is that the trial court erred in holding appellee, as the owner of a life estate in the involved real estate, had legal capacity to maintain the action for treble damages under the provisions of G. S. 1949, 21-2435, which for all purposes here pertinent, reads:

"If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing on the land of any other person; . . . or cut down or carry away grass, grain, corn, flax or hemp in which he has no interest or right, standing, lying or being on land not his own; . . . . the party so offending shall pay to the party injured treble the value of the thing so . . . carried away, . . ."

The principal argument advanced by appellants on the point now under consideration is that an action can only be brought under the foregoing statute by the owner of real estate and not by one who owns a life estate in such property. The short and simple answer to this argument, assuming without deciding that, as appellants contend, the owner of the land only can recover treble dam-

ages under the foregoing section of our statute, is to be found in another provision of the statute and in our decisions. See G. S. 1949, 77-201, which reads:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

. . . . . . . . . .

"*Eighth.* The word 'land,' and the phrases 'real estate' and 'real property,' include lands, tenements and hereditaments, and all rights thereto and interest therein, equitable as well as legal."

See *Alexander v. Goellert,* 153 Kan. 202, 109 P. 2d 146, where it is held:

"A life estate in land is real estate within the meaning of G. S. 1935, 77-201, ¶ 8." (Syl. ¶ 1.)

From what has just been quoted it becomes apparent that even though it be assumed recovery under 21-2435, *supra,* is limited to the owner of the land in question appellee, as the owner of a life estate therein, was such an owner as could maintain the action unless, of course, the injury sustained thereto was of such nature that the interest of the remainderman only was affected. This conclusion, we believe, finds support in *Missouri, K. & T. Ry. Co. v. Arnold,* 10 Kan. (2d Ed.) 357, where, although it is held the owner of the land only can recover the damages authorized by the statute in question, it is said:

". . . It does not follow, as argued by defendant in error, that when it is held that the action must be in the name of the owner that such ruling necessarily means the owner in fee-simple. That point can be decided when it arises . . ." (P. 359.)

Next it is urged that growing grass is a part of the real estate, hence the injury resulting from the cutting of the grass and removing it from the premises in question was sustained by the remainderman. It may be conceded that under our decisions the general rule is that growing grass is a part of the realty and that an agreement to sever it must be in writing. (*Smith v. Leighton* 38 Kan. 544 17 Pac. 52; *Ross v. Cook* 71 Kan. 117, 80 Pac. 38; *Surface v. Brock,* 142 Kan. 805, 807, 51 P. 2d 1005.) Even so there is no merit to this argument. The rule, so well-recognized that it scarcely requires citation of the authorities supporting it, is that, so long as he does not commit waste, a life tenant of real estate is entitled to and has the privilege of taking and receiving all issues and profits derived from the land during the duration of the life

estate, including hay, grass and other products after they are severed. See, e.g., Restatement of Law, Property, 371 § 119; 33 Am. Jur. 813, 820, § § 308, 313; 31 C. J. S., 47, 85 § § 41, 67.

Based on what has been heretofore stated we have no difficulty in deciding the trial court did not err in overruling the first ground of appellants' demurrer.

Appellants' second and final claim of error is based upon the premise the petition fails to state a cause of action.

Turning to the petition which, as we have previously indicated, must be liberally construed and given the benefit of all reasonable inferences favorable to the pleader, it will be noted that pleading contains allegations, among others, to the effect that by the terms of the lease, attached thereto, the pasture was to be used for grazing purposes only; that appellants had no right, authorization or permission, in writing or otherwise, to cut grass on the pasture; and that notwithstanding they cut such grass, baled the same and carried it away, thereby converting it to their own use. Standing alone it cannot be successfully argued that these allegations and others heretofore quoted but not specifically mentioned which, for purposes of ruling on the demurrer must be accepted as true, fail to state a cause of action for relief under the provisions of 21-2435, *supra,* unless, of course, the lease attached to and made a part of such pleading, contains something which clearly negatives their force and effect. In fact no contention is made to the contrary. We therefore turn to such instrument, conceding as we do so that if it contains terms and provisions of that character the recitals to be found therein are controlling and determinative of the question whether the petition states a cause of action. See *Wood v. Stewart,* 158 Kan. 729, 150 P. 2d 331; *Zane v. International Hod Carriers B. & C. L. Union,* 155 Kan. 87, 122 P. 2d 715; *Sharp v. McColm,* 79 Kan. 772, 101 Pac. 659.)

Nothing would be gained and it would only prolong this opinion to restate the contents of the lease, which we have heretofore set forth and quoted at length. It suffices to say that when all its terms and provisions are analyzed and considered together we are convinced there is nothing to be found therein which negatives the allegations of the petition to which we have previously referred or would warrant us in holding as a matter of law that any of the terms and provisions of that instrument are contradictory to or at variance with such allegations. Indeed further and more critical analysis

of the terms and provisions of such lease, particularly those heretofore underlined for purposes of emphasis, definitely indicates there is sound basis for the trial court's conclusion that what the parties intended to do under its terms and provisions was to limit the use of the land in question to the pasturing of livestock.

With the petition construed as above indicated we have no difficulty in concluding its allegations are sufficient to state a cause of action and that many of the matters appellants seek to have adjudicated on the basis of the trial court's ruling on the last ground of the demurrer, which it may be stated we have purposely refrained from mentioning in order to avoid saying anything which might prejudice either of the parties in a trial on the merits of the cause, must be raised by them as defenses by way of answer. This conclusion, in our opinion, finds support and is sustained by what is said and held in *Surface v. Brock*, supra. Whether appellee can sustain the burden of proving the allegations of her petition or appellants establish the defenses raised with respect thereto, which they now seek to argue in connection with questions pertaining to the propriety of the ruling on the second ground of the demurrer, are not matters with which we are presently concerned. All this court is now warranted in holding—as it does—is that under the facts, conditions and circumstances set forth and described in the petition, including the lease which is attached thereto and made a part thereof, the trial court did not err in overruling in its entirety the demurrer filed against that pleading.

The judgment is affirmed.