## George W. Walker v. P. M. Johnson, surviving partner, etc.

1. CONSTRUCTION OF CONTRACT—*pertaining to growing timber.* Where one owning standing and growing timber, with the right to cut and remove the same within a specified period, sells to another a certain portion of such timber, with the right, likewise, to cut and remove the same within a period specified, the purchaser acquires more than a mere license, but, upon the other hand, becomes the owner of such growing timber, coupled with a right to cut and remove the same, the time limit in question being regarded as a covenant and not as a condition upon which to base a forfeiture.

2. WARRANTY—*when, not implied.* Where a contract between parties is in writing and contains no warranty with respect to the property sold and conveyed thereby, none will be implied in law.

3. CONSIDERATION—*competency of parol evidence to establish.* It is competent, even in variance of the terms of a written instrument, to show by parol the actual consideration passing by virtue of the contract in question.

4. PAROL EVIDENCE—*when, competent to aid in construction of contract.* Parol evidence is competent to show the condition of the property which is the subject-matter of a contract, in order that the court may properly arrive at the intent of the parties in the terms used by them.

5. MEASURE OF DAMAGES—*what not, in action for breach of contract.* Prospective profits cannot be recovered in an action for breach of contract to make delivery where there is no evidence tending to show that the plaintiff bought the property in question to fill a particular contract already made by him, and that the defendants knew of the existence of such a contract or of the intended use of such property.

Action of assumpsit. Appeal from the Circuit Court of Fayette County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

ALBERT & ROE, for appellant.

G. T. TURNER and BROWN, BURNSIDE & BULLINGTON, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action in assumpsit brought by appellee against appellant in the Circuit Court of Fayette county. The declaration contains two special counts, in substance the same, based upon an agreement made by appellant for the sale of growing timber upon 160 acres of land. The common counts for goods sold and delivered, money lent, and account stated, are added. A general demurrer to the declaration was overruled and defendant (appellant) filed the general issue and six special pleas. A general demurrer to the special pleas was sustained. The case was tried by jury on the general issue alone and resulted in a verdict for the plaintiff (appellee) for $342.40, upon which judgment was entered. Defendant appealed and assigns errors upon the rulings of the trial court on the pleadings, in the admission and exclusion of evidence, in the giving and refusal of instructions and in overruling the motion for new trial and in arrest of judgment.

The controversy in this case grew out of the purchase and sale of growing timber on land of which William Abbott was the owner and in possession. October 31, 1899, Abbott sold to the defendant the timber in controversy, together with other timber, described in the contract or memorandum of sale. This contract is evidenced by the following memorandum:

"VANDALIA, ILL., October 31, 1899.

"I have this day sold to George W. Walker the timber standing and growing on W. ½ N. E. ¼; and E. ½ N. W. ¼; and S. W. ¼ N. W. ¼; and S. W. ¼; N. W. ¼ S. E. ¼; 32, 6, 1–e. in Fayette County, Illinois. Said timber is to be taken off within five years from this date, and is to be taken from one forty-acre tract at a time in the following order, to-wit: (N. W. ¼ S. E. ¼; S. W. ¼ N. E. ¼; N. W. ¼ N. E. ¼; S. E. ¼ S. W. ¼;) S. W. ¼ S. W. ¼; N. E. ¼; S. W. ¼; N. W. ¼ S. W. ¼; S. E. ¼ N. W. ¼; S. W. ¼ N. W. ¼; N. E. ¼ N. W. ¼; or

such other order as may be agreed on. Roadway to be designated by me across my land, at least eighty acres to be taken off each year. One forty to be cleared of said timber before another is begun on.

William Abbott."

Description of land involved by this litigation is enclosed by " (   )."

Afterwards, on August 12, 1901, Walker sold to plaintiff, under a like agreement, a part of the timber bought of Abbott, and in like manner executed a written memorandum of the same as follows:

"Vandalia, Ill., August 12th, 1901.
Messrs. Osgood & Johnson, St. Elmo, Ill.

Gentlemen: I will sell you all the oak timber on the southwest quarter of Section 23, 6, 1; and the southeast quarter of section 23, 6, 1. Also the West $\frac{1}{2}$ N. E. $\frac{1}{4}$ and E. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ and S. W. $\frac{1}{4}$ N. W. $\frac{1}{4}$: and S. W.$\frac{1}{4}$; and N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$; 32, 6, 1, all in Fayette County, Illinois; said timber to be removed as follows: From the S. W. $\frac{1}{4}$, 23, 6, 1, by June 15, 1902; from the S. E. $\frac{1}{4}$, 23, 6, 1, by March 1st, 1903, and from all other lands described herein by October 31st, 1904.

Consideration One Thousand Dollars.

G. W. Walker.

Accepted: Osgood & Johnson, by W. H. McCracken."

In determining the rights of the parties to this suit, the construction of both contracts is necessarily involved. Walker sold to Osgood & Johnson what he bought of Abbott and no more, unless, by interpretation of the contract between the parties, a warranty of title may be implied.

Whether the sale of growing timber, with consideration paid, and with right to cut and remove the same expressly given, as in the contracts under consideration, is to be regarded as the sale of a chattel personal or chattel real, it is not necessary to determine. It is sufficient for this discussion that both parties to the contract may be held to what was contemplated and clearly intended by the transaction. Under the contract with Abbott, the defendant became the owner of the growing timber, coupled with the right to cut and remove it. This was more than a mere

license; it was a substantial part of the thing sold, paid for, and delivered so far as it was capable of delivery. Con. Coal Co. v. Peers, et al., 150 Ill. 344. The time limit for removal of the timber is to be treated as a covenant, and not a condition, upon which to base a forfeiture. Certainly there could be no forfeiture under this contract without prior notice by the vendor, a tender of consideration received, and a reasonable time thereafter for the vendee to comply with the agreement. Notwithstanding his default in failing to remove the timber in the time and order specified, Walker was still the owner of the timber, with the right to remove it, obtained by the purchase. The ultimate time limitation, five years, applied to the subject-matter of the purchase as an entirety, and though liable in damages for any breach of his contract, Walker's property right to any part thereof, could not be forfeited or reclaimed by Abbott within that period.

By his contract of August 12, the defendant sold to plaintiff, in property right, precisely the thing he bought of Abbott, if the evidence offered by the defendant and excluded by the trial court may be credited. There was no warranty expressed or implied by virtue of the writing. All that was required by the defendant was done. The *property* was delivered so far as it was capable of delivery and so far as any duty rested upon the defendant. There was no fraud, concealment, misrepresentation or misunderstanding in effecting the contract, or concerning the kind and character of the property sold. There was nothing in the record upon which to impute bad faith on the part of the defendant or conduct by which he secured an unfair advantage. The plaintiff was fully advised of defendant's contract with Abbott respecting the timber and knew precisely the nature, right and title of what was proposed in the sale. Under the evidence offered he must be held to have known the time limitation under the Abbott contract and the defendant's default therein. If warranty or other assurance against controversy with Abbott was required it should have been provided in the contract.

Walker v. Johnson.

In any view of the case, the trial court erred in sustaining the demurrer to the special pleas filed by the defendant and in excluding testimony offered in defense. The testimony was not obnoxious to the rule invoked by appellee that parol testimony may not be heard to vary the terms of a written contract. The writing between plaintiff and defendant is silent as to title or warranty. There is no requirement in the time or manner of delivery of the property sold except that the timber is to be removed by October 31, 1904, which is within the time limit of a like general provision of the Abbott-Walker contract. The timber and the right to cut and remove it was the consideration for the money paid. The actual consideration, the property contemplated by the agreement, may be shown by parol, even in variance of that stated in the writing. In Robinson v. Stow, et al., 39 Ill. 568, it is said: " The intention of the parties, it is true, must govern, but the experience of human affairs teaches courts that this intention is not to be sought merely in the apparent meaning of the language used, but this language may be enlarged or limited by reference to the circumstances surrounding the parties and the objects they evidently had in view."

The rule under discussion is not violated by the admission of parol testimony to show the condition of the property which is the subject of the contract, with a view to arrive at the intent of the parties in the terms used by them. Thomas v. Wiggers, 41 Ill. 470.

From the conclusion reached in the construction of the contracts mentioned it follows that the case was tried by the Circuit Court upon an erroneous theory. To this fact is due most of the errors assigned. Even upon the theory adopted by the court, there was manifest error, which we do not deem it necessary to discuss at length. All the special pleas filed were subject to objection on special demurrer, but the defects could not be reached by general demurrer. The second, fourth and fifth pleas set forth a substantial defense. Conceding that the third, sixth and

seventh amount to the general issue, the demurrer, being general, should not have been sustained. This error would have been unimportant had the defendant been permitted on the trial, under the general issue, to make proof of the defense covered by the pleas. This he was not permitted to do.

There is not sufficient evidence to support the alleged breach of contract set out in the declaration. That Abbott was owner and in possession of the land and that he forbid the plaintiff to cut the timber falls short of proof of Abbott's superior right in the premises, and in the absence of such proof the defendant may not be held responsible for the wrongful act of Abbott.

Again, the measure of damages under instruction of the court was not authorized. There is nothing in the evidence or circumstances proved to authorize a recovery of prospective gains and profits. There is no evidence that the plaintiff bought the timber to fill a contract already made and that defendant knew of such contract or purpose. Rhea Thielens Imp. Co. v. Racine Mal. & W. I. Co., 89 Ill. App. 463; Carpenter v. First Natl. Bank, 119 Ill. 352. Plaintiff's instruction number three, shown by appellant's abstract and also by the *record*, page 150, was highly prejudicial in form and substance. It was not greatly improved by the *accepted* revision shown by appellee's abstract (*but not by the record*). Even as probably given, the jury may well have understood that they were authorized to award damages to cover the aggregate of purchase price and market value, which evidently they did, so badly was the proposition stated.

In consideration of the errors discussed, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*