R. STANSBURY WIMBROW, N. JEROME WIMBROW,
  PETER A. WIMBROW, PARTNERS, TRADING AS
    THE PETEY MANUFACTURING COMPANY,
       *vs.* MANLIUS K. MORRIS.

*Replevin: previous demand.   Standing timber: sale of—; goods
    and chattels; title to felled timber.   Evidence:
        legal. but inconclusive; province of
                jury; no evidence.*

In general a demand must be made before an action of replevin
   in the *detinet* can be brought.                         p. 94

Where circumstances show that a demand would have been
   unavailing, no demand is necessary.                      p. 94

Where the defendant in an action of replevin pleads ownership
   in himself, he can not defeat recovery under a pretence that
   he would have surrendered the property if demand had been
   made.                                                    p. 94

Even though evidence be inconclusive, if it is derived from a
   legal source and is pertinent to the issue, the jury is the
   proper tribunal to pass upon it.                         p. 95

Before a prayer can be granted instructing the jury that the
   plaintiff is not entitled to recover, the Court must assume
   the truth of all the plaintiff's testimony, and all inferences
   of fact fairly deducible therefrom.                      p. 95

A sale of standing timber is a sale of goods only, and the tim-
   ber so sold retains its character of goods and chattels.
                                                         pp. 95-96

Timber not severed from the soil on the date limited for its
   removal, cannot thereafter be severed by the purchaser;
   to hold otherwise would subject the holder of the soil to an
   unlimited restriction upon the use of his land.          p. 96

But where by a contract between the vendor and vendee for
the sale' of standing timber, the purchaser acquires the right
to fell and remove the timber by a certain date, his title to
timber felled but left lying upon the premises is not for-
feited by the expiration of that date.                    p. 100

*Decided March 17th, 1912.*

Appeal from the Circuit Court for Wicomico County
(Toadvin and Jones, JJ.). The facts are stated in the
Opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe,
Pearce, Burke, Thomas, Pattison, Urner and Stock-
bridge, JJ.

*James E. Ellegood* (with a brief by *Ellegood, Freeney*
and *Wailes*), for the appellants.

*John H. Handy* (with whom was *Joseph L. Bailey* on the
brief), for the appellee.

Pearce, J., delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court for
Wicomico County, directing a verdict in favor of the defend-
ant below, in an action of replevin by the appellants for
certain pine saw logs, and pine trees, cut down, and lying
upon land belonging at the time the suit was instituted, to
the appellee.

The appellants claim title to the property replevied, upon
the following state of facts: James E. Ellegood, as trustee
under a decree of Court, sold the land upon which the
trees in question were then growing to the Powellville Man-
ufacturing Company, a corporation, but before a conveyance
was made by the trustee to said company, it had entered
into an agreement with Elijah A. Perdue for the sale of
said land to him, reserving to itself certain described timber
standing on said land. Subsequently, the trustee united

with the said company in a deed of said land to said Perdue, conveying to him all the right and title of the parties to the cause in which the trustee had been appointed to sell, and all the right and title of the said company in the land sold, and described in said deed, with the following reservation: "reserving nevertheless from the operation of this deed, to the Powellville Company, all the pine timber measuring eight inches and over in diameter, at the height of six inches from the surface of the ground. And it is further agreed that the said Powellville Manufacturing Company is to have the right of ingress and egress for the term of eight years from January 1st, 1903, for the purpose of cutting and taking away the timber hereby reserved; the said grantee having no right to cut any pine timber until the term aforesaid has expired."

On October 3rd, 1903, Perdue and wife sold and conveyed the same land to Manlius K. Morris, the defendant, reserving however to the Powellville Company all the timber reserved in the deed above mentioned, the language of the first reservation being repeated in the deed last mentioned.

In March, 1906, the Powellville Company, by an agreement in writing, sold all the timber so reserved to it, to the appellants, co-partners trading as The Petcy Manufacturing Company, "with free ingress and egress for the purpose of cutting, hauling, or removing the said timber and lumber; * * * the said party of the second part, its successors, or assigns, to have until January 31st, 1909, within which to cut and remove said timber;" and on March 4th, 1908, by another agreement in writing, the time for that purpose was extended until January 1st, 1911.

It was testified by one of the plaintiffs without contradiction "that the timber described in the replevin proceedings was a part of the timber described in the said deeds and agreements, and was all cut into logs upon the said land and ready to be hauled off the same to the mill of the plaintiffs before January 1st, 1911; that the last of it was cut about December 23rd, 1910, but that he had been unable

to remove it all before January 1st, 1911, and that on January 4th, 1911, he went upon the land of the defendant, and hauled off one load of said timber, and thereupon the defendant notified the plaintiffs not to haul or remove any more of said timber, and that the plaintiffs thereupon sued out the writ of replevin."

The pleas were *non cepit,* and property in defendant upon which issues were joined, and the case was tried before the Court without a jury.

The defendant's first contention is that the case was properly withdrawn from the jury because there was no evidence of demand by plaintiffs before the writ issued. It is true that the general rule requires a demand to be made before an action of replevin in the *detinet* (as this is) can be brought. "But when the plaintiff claims the ownership of the property, and the right of possession as incident to that ownership, and the defendant's right claimed is precisely the same, no demand is necessary." *Cobbey on Replevin,* sec. 447. "Where the defendant pleads ownership in himself (as he does here), he cannot defeat a recovery under the pretence that he would have surrendered the property if demand had been made." *Idem.,* sec. 448. *Morris on Replevin,* secs. 7-8. Where circumstances show that a demand would have been unavailing, no demand is necessary. *Howard* v. *Braum,* 14 So. Dak. 579; *Raper* v. *Harrison,* 37 Kan. 243; *Pringle* v. *Phillips,* 5 Sanford, 161. The circumstances of this case, and the defendant's plea of property in himself, preclude any idea that he would have heeded a demand.

The next contention of the defendant was that there was no evidence identifying the timber replevied as that which the plaintiffs were entitled to take under the deeds and agreements offered in evidence; that is, that it was cut from the land described in the said deeds and agreement, and that it was eight inches across the stump six inches above the ground; but we cannot agree to this. The witness, Wimbrow, testified that he was in charge of the cut-

ting and hauling of the timber on the land described in the deeds and agreements; "that the timber described in the replevin proceedings was a part of the timber described in the deeds and agreements." This could not be so unless it was eight inches across the stump six inches above the ground. He also testified that "it was all cut into logs upon the said land and ready to be hauled off of the same to the plaintiff's mill before January 1st, 1911; that the last of it was cut about December 23rd, 1910, and that the logs in dispute were on the said land of the defendant on January 1st, 1911, but he was unable to haul them until January 4th, 1911, when he went upon said land and hauled one load of logs, when defendant forbade him to haul any more, and the plaintiffs then sued out this replevin."

Even if this testimony were conceded to be inconclusive, yet being derived from a legal source, and being pertinent to the issue, the jury was the proper tribunal to pass upon it. *Wetheral* v. *Garrett,* 28 Md. 450. Before the Court could, on that ground, have granted an instruction that the plaintiff was not entitled to recover, it must have assumed the truth of all Wimbrow's testimony tending to identify the timber, and all inferences of fact fairly deducible therefrom. *Leopard* v. *C. & O. Canal,* 1 Gill, 222; and the instruction given could not have been properly granted on that ground.

The final contention of the defendant is that all right and title of the plaintiffs in and to the timber described in the said deeds and agreements, whether then attached to the soil, or severed and worked into logs and remaining on the land on January 1st, 1911, was on that date forfeited, under the express terms of said deeds and agreements, to the appellee as owner of the land upon which said timber was grown, notwithstanding that the purchase price of said timber had been fully paid, and notwithstanding that in this State, ever since the decision in *Smith* v. *Bryan,* 5 Md. 151, a sale of standing timber was held to be "a sale of goods only," and the timber so sold thereafter to retain its char-

acter of goods and chattels. In *Leonard* v. *Medford*, 85 Md. 666, JUDGE McSHERRY, speaking for the Court, said: "We have no disposition to unsettle a doctrine that has been accepted and not questioned in Maryland for more than forty years. It seems to us that the conclusion reached in *Smith* v. *Bryan* is sound. In transactions of the kind there, and here, involved, it is obvious that the intention of the parties to the contract, the owner of the timber on the one side, and the purchaser of it on the other, was not to deal with an interest in the *land* upon which the timber stood, but, respectively, to sell and acquire the product of the soil and nothing more," and he adopted the language of JUDGE LITTLEDALE, in *Smith* v. *Surman*, 9 B. & C. 561, where it was said: "The object of a party who sells timber, is not to give the vendee any interest in his land, but to pass to him an interest in the trees, when they become goods and chattels." Here the trees not only became in legal contemplation goods and chattels in virtue of the intention of the parties to the contract, but by severance from the soil before January 1st, 1911, they assumed the physical aspect and characteristics of chattels from the moment of severance. There is no reported decision in this State of the question here raised, but it has been considered in numerous cases in different States of this country and so variously decided that reconciliation of the decisions is impossible. It may be said, however, that in the American Courts the apparent current and weight of authority seems to be that timber not severed from the soil on the date limited for its removal cannot be severed thereafter by the purchaser, the reasons generally assigned therefor being that to hold otherwise would be to subject the owner of the soil to an unlimited restriction upon the use of his land, going almost to the destruction of the value of the land for any other use than the support of the timber for the exclusive benefit of the purchaser of the timber.

In *Williams* v. *Flood*, 63 Mich. 491, the Court said: "If the limitation as to time of removal should be construed as

a covenant on the part of the purchaser that he would remove the timber in the time specified, the title to the timber would remain in the purchaser, after the time specified and he could still enter upon the premises and remove the same at his pleasure, being liable to the vendor for such damages as he should cause in so doing. The vendor would also have a right of action for a breach of the covenant in not performing the covenant as he had agreed. But it is perceptible at a glance that this might be a very inadequate remedy. The standing timber would be an incumbrance upon his land, and would deprive him of its use for agricultural purposes, and it would be a constantly recurring injury, quite incapable of estimation in dollars, and would depreciate the marketable value of his land while the timber remained."

In that case some timber was cut and some was still standing. The action was trespass by the vendee of the timber against the grantees of the vendor, who refused to permit the vendee to continue cutting or to remove any cut timber. The trial Court allowed a verdict for the value of both the cut and standing timber, and the Court held the direction right as to the cut timber, but wrong as to standing timber. It thus held that as to the uncut timber the contract was upon a *condition,* the breach of which worked a forfeiture of the plaintiff's right and title to the remaining uncut timber, but not as to the timber cut up to the time when the defendant forbid his cutting more, and that if the defendant refused to permit him to enter for the purpose of removing the timber cut up to that time, it would in law amount to a conversion by the defendant of the timber so cut.

The case of *Plumer* v. *Prescott,* 43 N. H. 277, was thus: Plumer sold to Prescott all the wood and timber on a certain lot, Presscott to have until a certain day to take it off. He cut all within the time limited, but left a part lying on the lot, and after the day limited entered and hauled it off. In an action for breaking the plaintiff's close

and taking away his trees, it was held he could recover for the breaking of his close, but could not include in his damages the value of the wood.   The Court said: "When these trees were lawfully cut by the vendee within the time limited by the contract they became the personal property of the vendee, and unless it can be considered that he has waived or forfeited his title to the timber by neglecting to remove it within the time, it must stand, for aught we can see, upon the footing of any other personal property of the vendee, which, by his fault or neglect, and without any fault of the vendor, is upon the land of the latter.   It is very clear, we think, that having been lawfully severed from the land, it has become personal property, and at any period before the expiration of the limited time, at least, the title is vested in the vendee as fully as any other chattels.   If this be the case, it is difficult to see how the title can be lost by the neglect to remove it."

In a later case in 54 N. H. 109, *Hoit* v. *Stratton Mills,* the Court went further and held in a well-reasoned opinion that an absolute grant of growing trees is not made a conditional grant by a stipulation, express or implied, as to the time of removal, and that if the grantee, after the expiration, either of a time expressly limited, or after a reasonable time, in the absence of express limitation, enters and cuts and carries away the trees so granted, he is liable for the entry, but not for the value of the trees, and the same conclusion was reached by the Supreme Court of Alabama in the recent case of *Zimmerman Manufacturing Co.* v. *Daffin,* 9 L. R. A., N. S. 663, where the authorities are reviewed in an elaborate opinion.

In *Halstead* v. *Jessup,* 150 Ind. 85, the purchaser of certain timber was given four years to remove it, and at the expiration of that time, some of the timber had been cut but was lying on the land, and some had not been severed from the soil.   The purchaser being forbidden to remove any of this timber, sued for the value of all, cut and uncut. The trial Court allowed a recovery for the cut timber, but

not for that uncut, and the Supreme Court reversed the judgment saying "the law does not favor forfeitures, and will not enforce them in the absence of clearly stated conditions of forfeitures." The foregoing three cases go farther than is necessary for us to go, as here we have only to consider cut timber, and our opinion is confined to the case before us.

In *Hicks* v. *Smith,* 77 Wis. 146, certain pine timber was conveyed to plaintiff with a stipulation it should be cut and removed before a certain date, and the defendants bought the land with knowledge of all the facts. Held, that all timber severed from the soil before the date fixed, became the personal property of the purchaser and could be recovered by him in replevin.

In *Macomber* v. *Detroit & Lansing R. R.,* 32 L. R. A. 102, the Supreme Court of Michigan, approving the Wisconsin case, *supra,* held that failure to remove logs, after they are cut, within the time named in the contract, does not forfeit the title.

In *Walker* v. *Johnson,* 116 Ill. App. 145, it was held that such a time limit is a covenant to remove and not a condition on which to base a forfeiture.

In *Irons* v. *Webb,* 41 N. J. L. 203, it was held that where in a deed of lands the timber was excepted, a stipulation that such timber should be removed in a given time did not make such exception conditional on removal, and the Court stated in *Hoit* v. *Stratton Mills, supra,* that "where there is no express stipulation that the passing of the title shall depend upon removal within the time fixed it does not necessarily follow as a matter of law (and as a matter of fact the parties do not generally understand) that the title is affected and the sale defeated by the non-performance of that stipulation."

The decisions upon this question as we have said are in much conflict, and there are cases from Courts of high repute that the title of the grantee terminates with his right of entry.

In *Boisaubin* v. *Reed,* 2 Keyes (N. Y.), 323, it was held by the Court of Appeals that "the vendee of timber has no title thereto by cutting logs and leaving them upon the land; but to complete his title he must also remove the logs within the term. * * * The defendant here cut down more timber than he could remove within his term. He knew that his right to enter and carry away expired at a particular day. He attempted to overreach the letter of his covenant, and must be allowed to bear his loss without remedy."

In *Saltonstall* v. *Little,* 90 Pa. St. 423, there was a reservation from the deed of land of all the pine timber thereon, with the privilege to cut and remove the same within twelve years thereafter, and it was held that the parties having fixed their own time for the removal of the timber, the right of entry as well as the right of property therein fell with the expiration of the time.

We are of opinion that the doctrine of the line of cases we have cited sustaining the purchaser's title and right to the timber in controversy in the case before us, is the sounder and juster doctrine and should be followed rather than the harsh rule of forfeiture declared in New York and apparently in the Pennsylvania case cited.

> *Judgment reversed and cause remanded for a new trial, appellee to pay the costs.*