ETHEL VOORHEES, EXECUTRIX OF THE ESTATE OF ETHEL CATHARINE THOMAS, DECEASED, RESPONDENT, v. THOMAS THOMAS, APPELLANT.

Submitted February 14, 1930—Decided October 20, 1930.

For the respondent, *Frank J. Backes* (*Donald R. Bryant,* on the brief).

For the appellant, *George Gidea.*

The opinion of the court was delivered by

CASE, J. The plaintiff below brought an action in replevin in the District Court of the city of Trenton to recover possession of certain personal property claimed to have belonged to plaintiff's testatrix, who was the wife of the defendant, Thomas Thomas. The trial was had before the judge, sitting without a jury. The facts came to us partly on an agreed state of the case and partly by a supplemental stipulation. The court found as follows: "Possession of all goods and articles [except the bed] named in writ in plaintiff; right of possession of bed in defendant." The defendant appealed to the Supreme Court where the judgment of the District Court was affirmed.

The present appeal is from the judgment of the Supreme Court; and the points presented are—first, that the District Court erred in its judgment in favor of the plaintiff because no evidence was offered of the value of the property sought to be replevined, the value of the property was not found by the court, and no motion for the return of the goods was made; and second, that the District Court erred in giving judgment for the plaintiff, because there was no evidence that either the property in question had been unlawfully taken by the defendant or that the possession thereof had been demanded of him.

The finding of the court was simply as to the right of possession. The case as it comes to us assumes that an order of restoration of goods to plaintiff was made. Though no such order appears in the printed record, we proceed to our consideration on the assumption that one was made.

There was some evidence of the cost of a number of the articles sought to be replevined. The talking machine cost $165, and there was evidence from which it may be fairly inferred that the dining room suite and "gold band set of dishes" cost $276.45. Cost is one element in a criterion of value. *Luse* v. *Jones,* 39 *N. J. L.* 707. It was proper judicial action for the trial judge, by virtue of section 138 of the District Court act (2 *Comp. Stat., p.* 1996) to make an order for the delivery by the defendant of the replevined goods and chattels to the plaintiff. *Gropper* v. *Hoover,* 5 *N. J. Mis. R.* 649; *affirmed,* 104 *N. J. L.* 436. Inasmuch as the court had authority, upon application by the plaintiff, to make the order under review, and the plaintiff has accepted and is seeking to sustain that order, it will be assumed, there being no showing to the contrary, that such an application was made.

The articles sued for were shown to be the property of the plaintiff, in her representative capacity. She testified that "she had caused a letter to be written to the defendant demanding possession." In common parlance the phrase "write a letter" frequently connotes the dispatching as well as the penning of the communication. We think the words as here used are susceptible of that added meaning. The court would further have been justified in concluding, had there been occasion for such a determination, that the attitude of the defendant had convincingly shown a refusal to deliver possession. The defendant, upon execution of the writ by the constable, made written claim of property in the goods and chattels and, by giving bond, regained possession thereof, an adverse position which he maintained at the trial by testifying that the articles in question, or at least some of them, had been purchased with his money. He went to trial on the merits of his contention of right of property. He did not deny that demand for possession had been made upon him. Neither did he raise the issue of absence of demand and refusal, and, by proper motion, evoke a ruling thereon as was done in *Veader* v. *Veader,* 87 *N. J. L.* 140, and *Crown Co.* v. *Reilly,* 88 *Id.* 590. We think that a defendant in replevin

proceedings may not appear and contest the suit on a plea of right of property and, after judgment, raise on appeal, for the first time, the technical question of proof of refusal to deliver.

Section 140 of the District Court act (*Comp. Stat., p.* 1996), provides that in replevin suits where there is no appearance or defense "there shall be no judgment for damages or costs, except in case of a demand being made in writing before the commencement of the action and the refusal of the defendant to deliver the property in pursuance thereof." A necessary deduction from this provision is that the District Court does maintain jurisdiction, in some cases, without a demand and refusal having been made, and a reasonable inference, in our opinion is that the defendant, if he appear and make a defense, shall either raise an issue as to demand and refusal or be held to have waived the same. We conceive, further, that the function, in our judicial procedure, of a demand and refusal preliminary to suit, is to apprise the defendant of the plaintiff's contention so that the defendant, if he recognizes the superior right of the other, may surrender possession forthwith without compulsory process. The defendant may clearly indicate a stubborn refusal to deliver. This he did in the instant case by coming into court and defending on an issue of property right in himself. His entire attitude is inconsistent with the theory that had he been pressed to a direct answer to the demand he would have returned the goods. Under such circumstances it would border on the absurd to defeat the plaintiff's manifest rights on the highly technical ground that no direct refusal to plaintiff's demand had been elicited before the writ issued. There is a widening field of decisions to the effect that where circumstances show that a demand would have been unavailing no demand is necessary. *Petey Manufacturing Co.* v. *Morris (Md.)*, 84 *Atl. Rep.* 238; *Whitten* v. *Kemp (Ind.)*, 134 *N. E. Rep.* 211. See 34 *Cyc.* 1409, *et seq.*, and cases cited. We go no further, however, than to hold that the proofs show a demand and such a congeries of facts as are tantamount to and may be regarded as a refusal; and that, even if, as to this, we had concluded

otherwise, the defendant did not raise the question in the trial court and therefore cannot prevail on it here.

Judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, DONGES, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.