ISRAEL H. ALBERT, TRADING AS L. ALBERT & SON, PLAINTIFF-RESPONDENT, v. FORD MOTOR COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-respondent, *Gross & Gross* (*Joel Gross,* of counsel).

For the defendant-appellant, *McCarter & English* (*George W. C. McCarter,* of counsel).

PER CURIAM.

This appeal is prosecuted by the defendant from a judgment of the Hudson County Court of Common Pleas entered upon a verdict in favor of the plaintiff in the sum of $30,000.

The complaint embraces four counts, the essence of which is that the plaintiff had purchased from the defendant certain used machinery for the manufacture of rubber tires, had paid the full purchase price thereof and that the defendant, except as to one machine, had failed or refused to deliver the machines sold; with ensuing damages for which plaintiff sought judgment. No answer was filed. The plaintiff took interlocutory judgment by default, whereupon a rule for writ of inquiry issued and damages were assessed by a jury in the amount mentioned above.

The appellant argues its appeal under six points, all of which ground in the proceedings had pursuant to the writ of inquiry to assess damages The first is that the trial judge erred in permitting the plaintiff's witnesses, Venn, Hoover and Grote, to testify as they did to the value of the machines. The appellant should, of course, present in its grounds of appeal the testimony to which objection was made and upon which the appeal was taken. The only testimony thus specified is the following: (Asked of the witness Venn) "Will you take the first piece of machinery, the No. 2 Royle tube mill, and place a value thereon, stating to the court and the jury how you arrived at that value, and fix it as of the period between February and June, 1930?"; (also asked of the witness Venn) "What value did you place on the machine, Mr. Venn?"; (asked of the witness Hoover) "Will you state, Mr. Hoover, please, how you arrived at the value of these various pieces of machinery?"; (asked of the witness Grote)

"Please take up the various pieces of machinery and state to the jury the item of depreciation which you allowed, and the value placed by you upon it."

The appellant argues the instance of the witness Venn as typical, concedes that the witness had been engaged many years in the manufacture of rubber tires and as such had acquired large experience in the operation of rubber manfacturing machinery but nevertheless disputes the propriety of the questions. The position of Mr. Venn, as well as each of the other witnesses referred to, as an expert along the line of the questioning is, we think, adequately established. It is appellant's contention that the machines were not extraordinary or unique but were standard and, therefore, had an available market, and that the true measure of damages was the difference between the contract price and the market or current price, relying upon the Uniform Sales act ("An act concerning the sale of goods and to make uniform the law relating thereto"). *Pamph. L.* 1907, *p.* 131; 4 *Comp. Stat., p.* 4647, which provides, in section 67, as follows:

"(1) Where the property in the goods has not passed to the buyer, and the seller wrongfully neglects or refuses to deliver the goods, the buyer may maintain an action against the seller for damages for non-delivery.

"(2) The measure of damages is the loss directly and naturally resulting, in the ordinary course of events, from the seller's breach of contract.

"(3) Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver."

There was, however, a dispute in the testimony as to whether or not there was a market for such machinery at the time of the breach of the contract, and the court in its charge made clear that the testimony as to the various ele-

ments fixing value, including cost and depreciation, were to be applied only if the jury should find that there was no market value.

Appellant contends that the witness was permitted to give an estimate of value based solely on the manufacturer's price new in June, 1930. We think not. The price new was only one of the factors that enabled the witness out of his experience, general knowledge and the examination of the specific machine to give his appraisal. Cost is one element in a criterion of value. *Luse* v. *Jones,* 39 *N. J. L.* 707; *Voorhees* v. *Thomas,* 107 *N. J. L.* 134; 152 *Atl. Rep.* 4.

We find no error in that type of testimony. This applies to the questions asked of the three designated witnesses.

The appellant next assumes to find an inconsistency between these two portions of the court's charge:

(1) "The measure of the plaintiff's damages in this case is the difference between the contract price and the market or current price of the goods at the time of the defendant's refusal to deliver them."

(2) "Now, gentlemen of the jury, what is the plaintiff entitled to recover? There is some question about whether or not there was a market at the time of the breach of this contract; and where there is no available market, the courts of this state and the Court of Errors and Appeals has held as follows:

" 'Where there is a breach of the contract and upon the failure of proof of an available market resort may be had to a comparison between the contract price and cost of production or performance for the purpose of measuring damage.' "

We find no inconsistency. The first rule is that contained in section 67, subdivision 3, of the Uniform Sales law, *supra,* and applies when there is an available market. The second is for application when there is not such a market and is in harmony with subdivision 2 of said section 67. That these were stated to the jury as alternative rules, depending upon the factual finding, is made clear to us and, we think, was made clear to the jury by the following additional language in the charge:

"But, gentlemen, if you find from all the facts presented to you, that there was no market value as I have defined it to you, then you will give consideration to the case which I quoted to you from the Court of Errors and Appeals as to the cost less depreciation, and the other elements which I have already read to you from that decision."

Appellant's third point is that the court refused to charge its ninth request as follows:

"The contract between the parties did not require the defendant to deliver the goods sold until it received shipping instructions from the plaintiff."

The case had moved past the stage of defendant's liability. The fact of the breach was determined by the default judgment. As was correctly said by the court below in its ruling, "* * * the only thing with which the jury is concerned is the damages resulting to the plaintiff as the result of that breach."

Points four and five are to the same effect and are subject to the same comment.

Finally, it is argued that the court erred in receiving the affidavit of one Lennie in evidence. The only objection stated at the trial was that the exhibit was immaterial. We find no harmful error in that ruling.

Judgment below will be affirmed.