A. B. C. CREDIT CORPORATION, A CORPORATION, PLAINTIFF-APPELLEE, v. BIG BEAR USED CAR COMPANY, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 16, 1936—Decided December 14, 1936.

Before Justices Trenchard, Bodine and Heher.

For the defendant-appellant, *Harold Simandl.*

For the plaintiff-appellee, *Chivian & Chivian* (*Herman Chivian, Louis Chivian* and *Albert M. Neiss*).

Bodine, J. This was an action of replevin. The plaintiff's claim is predicated upon a conditional sales contract. The defendant subsequently purchased from the conditional vendee without notice of the conditional sales contract. The trial court directed a verdict in favor of the plaintiff.

Appellant argues that the plaintiff was required to prove an unlawful detention. The proofs clearly indicate that this was done. The defendant's entire attitude was that under no circumstance would the car have been returned to the plaintiff but for the court action. *Voorhees* v. *Thomas,* 107 *N. J. L.* 134; 152 *Atl. Rep.* 4. There is nothing to indicate that a demand for possession was made after the writ of replevin issued. *F. A. North Co.* v. *McClellan,* 116 *N. J. L.* 145; 182 *Atl. Rep.* 875.

As against the clear and convincing testimony of the constable that a demand had been served prior to the issuance of the writ, the vague denials indicative that under no circumstance, short of court action would possession have been delivered up, do not present a factual question for the determination of the jury. The defendant's officers' testimony indicated a stubborn refusal to deliver up the automobile and is inconsistent with the theory that it would have been returned upon request.

"There is a widening field of decisions to the effect that where circumstances show that a demand would have been unavailing no demand is necessary. *Petey Manufacturing Co.* v. *Morris* (*Md.*), 84 *Atl. Rep.* 238; *Whitten* v. *Kemp* (*Ind.*), 134 *N. E. Rep.* 211. See 34 *Cyc.* 1409 *et seq.,* and cases cited. We go no further, however, than to hold that the proofs show a demand and such a congeries of facts as are tantamount to and may be regarded as a refusal." *Voorhees* v. *Thomas,* 107 *N. J. L.* 137; 152 *Atl. Rep.* 4.

The judgment is affirmed, with costs.