A. B. C. CREDIT CORPORATION, A CORPORATION, PLAINTIFF-RESPONDENT, v. BIG BEAR USED CAR COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted February 12, 1937—Decided July 7, 1937.

For the defendant-appellant, *Harold Simandl.*

For the plaintiff-respondent, *Chivian & Chivian.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from an affirmance by the Supreme Court of a judgment entered in the District Court of the city of East Orange in favor of the plaintiff, A. B. C. Credit Corporation, and against the defendant, Big Bear Used Car Company, Incorporated. The judgment was based upon proceedings in replevin and was entered by direction of the court.

On April 12th, 1935, one Thomas Garland, who had previously been convicted of crime, purchased in Brooklyn, New York, under the alias of Thomas Corbett, an automobile on a conditional sale agreement from Kaufman Motor Sales of Brooklyn, which provided, *inter alia,* that title to the automobile should not pass to the purchaser until the amount was fully paid in cash; that if the purchaser should violate any

of the conditions of the contract he would forthwith deliver the automobile to the seller, or would permit and authorize the seller, without notice or demand, with or without recourse to law, to take away the same. The agreement further provided that the purchaser would not remove or cause or permit the automobile to be removed from King's county, nor assign, sublet or hire out the same in any manner without having first obtained the written consent of the seller or such seller's assignee.

This contract was assigned by the said Kaufman Motor Sales to the plaintiff, and by it duly filed in King's county, New York.

On the day of purchase a bill of sale was executed by the said Garland under the name of Thomas Corbett, purporting to sell said automobile to himself as Thomas Garland and Garland took the car to Newark, New Jersey, and, using his right name, agreed to sell it to the defendant. Title papers were produced, approved by the department of motor vehicles of New Jersey, showing Thomas Garland to be the owner, with no incumbrance on the title. The defendant bought the car on April 13th, 1935, and paid a cash consideration.

On April 30th, 1935, the plaintiff learned that the car was in Newark, and duly filed the conditional sale contract in Essex county, New Jersey.

Plaintiff issued and served a writ of replevin on May 6th, 1935, and defendant filed a claim of property on the same day. The issue was tried before the District Court, with a jury, and judgment entered for the plaintiff by direction of the court. From an affirmance of this judgment by the Supreme Court this appeal is taken.

There is no contest as to the title claimed by the plaintiff, and the right of a conditional vendor's assignee to replevy a car upon unauthorized sale has been upheld by this court. *General Motors, &c., Corp.* v. *Smith,* 101 *N. J. L.* 154. The sole question to be determined here is whether it was necessary for the plaintiff to make a demand for possession before instituting suit, and whether such demand, if necessary, was properly made.

There was a sharp conflict in the testimony as to whether a proper service of demand had been made prior to the institution of the suit and it is urged by the defendant that the trial court erred in not submitting this question to the jury.

If a demand for possession was necessary before the instituting of the replevin suit, we are inclined to agree with the defendant that there was such a conflict in the testimony as to whether such a demand had been made as would raise a question of fact for the jury to decide.

The defendant concedes that a demand was made by the plaintiff upon it for the possession of the car but says that it received the demand at the same time the writ of replevin was served upon it (plaintiff says it was two days before), and defendant cites the decision of this court in *F. A. North Co.* v. *McClellan*, 116 *N. J. L.* 145, to the effect that where a demand and writ of replevin are served by the officer upon the defendant at the same time, it is insufficient because it is made after the suit is instituted. Be that as it may, the record here shows that after the demand was made and the writ was served, the defendant filed a claim of property, demanded a jury, filed a demand for a bill of particulars inquiring as to plaintiff's title, and that throughout the trial defendant asserted a superior title and denied the plaintiff's title.

This court said, in the replevin suit of *Voorhees* v. *Thomas,* 107 *N. J. L.* 134:

"We conceive, further, that the function, in our judicial procedure, of a demand and refusal preliminary to suit, is to apprise the defendant of the plaintiff's contention so that the defendant, if he recognizes the superior right of the other, may surrender possession forthwith without compulsory process. The defendant may clearly indicate a stubborn refusal to deliver. This he did in the instant case by coming into court and defending on an issue of property right in himself. His entire attitude is inconsistent with the theory that had he been pressed to a direct answer to the demand he would have returned the goods. Under such circumstances it would border on the absurd to defeat the plaintiff's

manifest rights on the highly technical ground that no direct refusal to plaintiff's demand had been elicited before the writ issued.

"There is a widening field or decisions to the effect that where circumstances show that a demand would have been unavailing no demand is necessary. *Petey Manufacturing Co.* v. *Morris* (*Md.*), 84 *Atl. Rep.* 238; *Whitten* v. *Kemp* (*Ind.*), 134 *N. E. Rep.* 211. See 34 *Cyc.* 1409 *et seq.* and cases cited."

In the instant case the trial court found from the evidence, which was undisputed, that it was quite apparent that a return would have been refused had a demand been made and that such demand would therefore have been futile.

The Supreme Court, in an opinion by Mr. Justice Bodine, which is not reported, held that the proofs clearly indicated that there was an unlawful detention and that "the defendant's entire attitude was that under no circumstances would the car have been returned to the plaintiff but for the court action," and that "the defendant's officers' testimony indicated a stubborn refusal to deliver up the automobile and was inconsistent with the theory that it would have been returned upon request."

Without reciting the testimony, it is sufficient to say that our examination of the record leads us to agree with the trial court and Supreme Court that the uncontradicted testimony disclosed facts and circumstances clearly showing that a demand would have been unavailing. We are therefore of the opinion that no demand was necessary, and that the trial court was justified in directing a verdict for the plaintiff.

The judgment of the Supreme Court, affirming the judgment of the District Court, is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 10.

*For reversal*—PARKER, CASE, DONGES, JJ. 3.